## KREISER v. GROENWALD et al.

No. 28188. Jan. 31, 1939.

R. F. Shutler, for plaintiff in error.

Charles Swindall and Karl D. Cunningham, for defendants in error.

DAVISON, J. This action, in the nature of a quo warranto, was filed in the district court of Kingfisher county by A. F. Kreiser, as plaintiff, to recover the possession of the office of clerk of independent school district No. 56, Kingfisher county, a position held by H. D. Groenwald, defendant. From a judgment rendered against the plaintiff, he has appealed to this court.

The record discloses that Loyal independent school district No. 56, Kingfisher county, is composed of the town of Loyal and the adjacent country. It is not an independent district in a city of the first class.

It is shown that on March 30, 1937, the voters of said independent school district No. 56 met for the purpose of holding their annual election. It appears that H. D. Groenwald was clerk of the board; that the voters proceeded by ballot to elect a clerk of said school district to succeed him. The nominees for the position were H. D. Groenwald, Al Kreiser, Victor Leibel, and Joseph Coughlin. At the election there were 111 votes for Groenwald, 112 for Kreiser, three for Coughlin, three for Leibel, and one for Frank Ogle.

Before the votes were counted, the vote of Willard Garms was challenged on account of his not being of legal age. After checking the school record, the challenge was acknowledged by the board. A motion was made to declare the ballot count a tie as between Groenwald and Kreiser and to send in the report as such. The motion was carried. The school board concluded that on account of the tie vote between the two leading candidates voted on for clerk, neither was elected and the present clerk, H. D. Groenwald, would hold over, and Groenwald qualified for the office. Kreiser, claiming to be elected, brought this action.

A number of assignments of error are presented. The only question that we need to consider is: Does the law authorize the election of the clerk of the school board of an independent school district not in a city of the first class by the voters of the district at its annual meeting, or is the clerk elected by the school board?

Chapter 34, article 9, O. S. 1931, under the title of "Schools" is styled "Independent Districts—Cities and Towns." Section 6864 thereof, providing for officers, term, qualifications, place of elections, is in part as follows:

"And provided further, that boards of education in independent districts, not cities of the first class, shall consist of three members, to be selected by the district at large, at the same time and in the same manner as school district officers."

The portion of the section, as shown, provides for the election of boards of education. It says nothing about the election of clerks, director, or member, as is provided for in section 6198, O. S. 1931, providing for the election of common school district officers. The boards of education in independent districts, not cities of the first class, are to be selected by the **district at large, at the same time and in the same manner as school district officers.** The manner of selection refers to ballot, acclamation, or by raising the hand. The school district officers are not designated as boards of education, but as director, clerk, and member. There is nothing in the section that would indicate that the board of education in such independent district, not including a city of the first class, should be designated as director, clerk, and member.

In chapter 219, article 6, section 8, S. L. 1913, it was provided:

"The board of education shall have power to elect their own officers, except the treasurer."

That article was designated "Independent Districts—Cities and Towns." Since the article was to deal with schools in towns, it very obviously was intended to deal with independent school districts not including cities of the first class.

This section was brought forward as section 10412, in C. O. S. 1921. The section was amended by S. L. 1923, chapter 87, section 1, relative to filling vacancies for unexpired terms. The section as amended was brought forward in O. S. 1931, as section 6867, and had not been further changed at the time of the school election in question.

This court is of the opinion that members of the school board of independent school districts, not including cities of the first class, shall be elected in the manner provided for in section 6864, supra, and that such officers are designated as "Board of Education" and not as director, clerk, and member, and that the voters of such district are without authority to elect a clerk of such board.

Accordingly, the trial court's judgment adverse to the plaintiff was correct, and the same is hereby affirmed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON and DANNER, JJ., concur.