MATHEWS v. STATE ex rel. WILLIAMSON, Atty. Gen.

*97 P. 2d 759.*

No. 29450.   Nov. 16, 1939.

Rehearing Denied Dec. 12, 1939.

Application for Leave to File Second Petition for Rehearing Denied Jan. 16, 1940.

William A. Vassar and M. A. Cox, both of Chandler, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Harry Johnson, Asst. Atty. Gen., and P. D. Erwin, of Chandler, for defendant in error.

OSBORN, J. This action was instituted in the district court of Lincoln county by the State of Oklahoma ex rel. Mac Q. Williamson, Attorney General, hereinafter referred to as plaintiff, against Bill Mathews, hereinafter referred to as defendant, as an action in the nature of an action in quo warranto to try the title of defendant to the office of member of the board of education of the town of Agra, sometimes called independent school district No. 134, of Lincoln county. Issues were joined and the cause was tried to the court. From a judgment in favor of plaintiff, defendant has appealed.

It is alleged that defendant usurped and entered into the office of member of the board of education of the town of Agra and was exercising the duties and functions thereof by virtue of a purported appointment made by Carl Anderson, former county superintendent of public instruction of Lincoln county, which appointment was wholly void and ineffective. It was further alleged that there was no other person rightfully entitled to the office.

It appears that prior to May 3, 1939, the board of education consisted of Fred Davis, B. H. Hickman, and C. J. Alden. On that date Fred Davis resigned and, pursuant to a request of the remaining members of the board, the county superintendent appointed defendant to fill the vacancy caused by the resignation. The resignation of Davis is as follows:

"To the Chairman and Member of Agra School Board No. 134 of Lincoln County, Oklahoma, and County Superintendent.

"I, Fred Davis, the Clerk of said Agra School Board, hereby present my resignation as said Clerk and request that said resignation be acted on as soon as possible.

"Further it seems impossible for the other two members of said Board to agree on some qualified person to take my place, I would suggest that the appointment of my successor be left to the County Superintendent, Carl Anderson, if said action is approved by the said Chairman and Member of said Board. Signed at Agra, Oklahoma, May 3rd, '39.

"Fred Davis, Clerk."

"The above suggestion is approved by us, and we request that the County Superintendent, Carl Anderson, make the appointment to fill the vacancy caused by the resignation of Fred Davis, The Clerk of said Board.

"B. H. Hickman, Chairman.
"C. J. Alden, Member."

The appointment of May 3, 1939, is as follows:

"Appointment by County Superintendent to fill Vacancy in School District Board:

"State of Oklahoma, County of Lincoln, ss:

"In compliance with the request made by the school board of District No. 134. This is to certify that I have this day appointed Bill Mathews to the office of Clerk of School District No. 134 Lincoln County aforesaid; to fill a vacancy caused by the resignation of Fred Davis to continue in force for the unexpired term, and until his successor is elected and qualified.

"Witness my hand this 3 day of May, 1939.
"Carl Anderson,
"County Superintendent."

Defendant thereupon qualified by subscribing to the oath of office and entered upon the duties of said office.

It is conceded that the applicable statute is section 2, art. 3, ch. 34, Session Laws 1937. The pertinent provisions thereof are as follows:

"The Board of Education of any in-

dependent school district of the State of Oklahoma, not a city of the first class, shall have the power to fill any vacancy which may occur in that body; provided, that where the board of education fails or neglects to select the third member of the Board within twenty (20) days after the vacancy occurs, the County Superintendent of Public Instruction shall have the authority to determine and declare the vacancy and fill the same by appointment. * * *"

It is conceded that the sole authority of the county superintendent to make the appointment is contained in the above quoted statute. The principal contention is that the order of appointment was premature in that the county superintendent was without authority to make the same until the expiration of 20 days from the date of the resignation. It further appears that in attempting compliance with said provision the superintendent again appointed defendant on the date of June 30, 1939, and defendant executed another oath of office. It is contended by plaintiff that the second appointment is likewise illegal and void for various reasons which we find unnecessary to mention.

As we view it, we must determine whether or not there was a substantial compliance with the above-quoted statute. That statute was enacted to amend section 6866, O. S. 1931, 70 Okla. Stat. Ann. § 188, which vested sole power in the boards of education to fill any vacancy which might occur in those bodies. The amendment was that portion of the act which authorized the appointment by the county superintendent under the conditions therein specified. It is apparent that the purpose of the amendment was to avoid difficulties which might arise where the members of a school board were unable to agree upon the appointment to fill a vacancy and to vest that appointive power in the county superintendent where there was nonaction on the part of the remaining members of the board. We find a clear legislative intent that the nonaction of the board, and not the expiration of the period of 20 days, was intended to be the primary and controlling element which

would authorize the county superintendent to act. It was no doubt contemplated by the Legislature that inaction for a period of 20 days would be sufficient to disclose the inability of the remaining members of the board to agree upon the appointment to fill the vacancy. In the event such inability is expressly admitted, there appears to be no reason why the county superintendent should not act immediately. In this connection we must give consideration to the language contained in the resignation of Davis and the endorsement thereof by the remaining members of the board. It is noted that the resignation of the clerk suggested that the appointment be left to the county superintendent for the reason that "it seems impossible for the other two members of said board to agree on some qualified person. * * *" The other members approved the suggestion, and in the absence of further explanation, we are justified in assuming that they likewise concurred in the reason assigned by the resigning member, which was that they were unable to agree upon a successor, in which event they would not be able to act. The duty of making this appointment, therefore, fell upon the county superintendent, and we conclude that under these circumstances the appointment was made under the power conferred upon him by the statute and in substantial compliance therewith.

It is urged that the resignation and appointment are invalid and ineffective since Fred Davis resigned as clerk of the board and not as a member thereof and the appointment was made to the office of clerk of the board and not to the office of member thereof. In this connection we are cited to the case of Kreiser v. Groenwald, 184 Okla. 287, 86 P. 2d 990, wherein it is pointed out that the boards of education elect their officers, including their clerks; that the members thereof are appointed or elected as members and not as officers of the board. The contention of the plaintiff in this regard is without substantial merit. It appears certain that Davis intended to and did resign from the board

and that the appointment was made to fill the vacancy caused by his resignation and that none of the parties were misled in any respect as to the purpose or effect of the resignation or the appointment.

Various other propositions of law are presented and argued in the briefs, but, having taken this view of the matter, it becomes unnecessary to consider them.

We hold that the appointment of defendant to the school board as of May 3, 1939, was valid and effective.

The judgment is reversed and the cause remanded, with directions to enter judgment in favor of defendant.

BAYLESS, C. J., and GIBSON, HURST, and DAVISON, JJ., concur.