ELLISON v. PATMAN et al.
(COURTNEY, Intervenor).

No. 33005. Dec. 9, 1947.

*187 P. 2d 988.*

Murphy & Firestone, of Kingfisher, for plaintiff in error.

A. Francis Porta, Sam T. Roberson, and Harry F. Lorensen, all of El Reno, for defendants in error.

WELCH, J. This action was instituted in district court by Floyd Ellison against the members of the county election board of Canadian county for a writ of mandamus.

Plaintiff's petition alleges that he was a candidate for the office of county commissioner, District Three, Canadian county; that R. G. Courtney was the only other candidate for the office; that in a primary election held on July 2, 1946, the returns from the precinct election officials showed a tie vote in reference to the contest for this particular office; that plaintiff thereafter, on July 3, 1946, filed written request for a recount by the county board, accompanied with cash deposit as required by law, and that defendants refuse to hold and conduct such recount. Plaintiff prayed that writ issue to compel defendants to conduct recount.

Defendants filed answer and assert their refusal to conduct a recount for the reason that plaintiff did not give notice to the contestee of written request for recount. R. G. Courtney, as intervener, denied that he had received a notice of plaintiff's request for recount as provided by law, and asserted lack of jurisdiction by defendants to hold a recount.

After stipulation by the parties in reference to the identity of the parties to the action, and the facts concerning the election and the tie vote, plaintiff

presented evidence to show that the ballots had been preserved and were being preserved as received from the precinct election officials, and that plaintiff, on July 3, 1946, filed with the secretary of the election board a written petition for recount.

The following entries from the minute book of the county election board were offered in evidence:

"Canadian County Election Board met at 10:00 A. M., July 4, 1946. The Secretary read to the Board a written application challenging the results of the Commissioners' race for the Third District, and deposited a certified check made in favor of the Secretary of Canadian County Election Board, drawn on the First National Bank of El Reno, in the amount of $250.00.

"After reviewing Section 391, Title 26, O. S. 1941, the Board decided, on completion of all services, that it would ask to set Monday, July 8, 1946, to start the recount.

"Canadian County Election Board met in Secretary's office July 6, 1946, at 11:00 o'clock A. M.

"Upon reviewing the application of Floyd W. Ellison for recount of votes of primary election held on July 2, 1946, for Commissioners' race Third Commissioners District, it was found that Floyd W. Ellison failed, within the required time, to cause to be served upon contestee, R. G. Courtney, proper services required by Section 391, Title 26, O. S. 1941.

"Therefore Be It Resolved by the Board that the Secretary notify Floyd W. Ellison and R. G. Courtney that in the Primary Election held Tuesday, July 2, 1946, in Canadian County, Oklahoma for Democratic nomination for Commissioner of the Third Commissioners District in and for Canadian County, State of Oklahoma, a tie vote occurred between the two candidates, Floyd W. Ellison and R. G. Courtney; and you are further notified that pursuant to the statutes in such cases made and provided the County Election Board shall, at a public meeting of the Board, and in the presence of the candidates involved if they or any of them de-

sire to be present, select the nominee by lot in such manner as such Board may select, at 10:00 o'clock A. M., Tuesday, July 9, 1946, in the District Court Room at El Reno, Oklahoma."

There is no evidence that a copy of the petition for recount was served on Courtney or upon the secretary of the election board as service agent for Courtney until after July 6, 1946.

Plaintiff offered in evidence a certain newspaper item published on July 5, 1946, stating plaintiff had filed written request for recount and a recount date had been set by the election board to begin on July 8, 1946. Plaintiff offered other evidence for the purpose of showing that Courtney had actual knowledge concerning the filing and contents of the recount petition.

From a judgment in favor of defendants and refusing mandamus, plaintiff appeals.

Plaintiff contends that with the timely filing of petition for recount under the provisions of 26 O. S. 1941 §391, it was the duty of the defendant board to proceed with recount irrespective of the service of notice upon Courtney in the manner and form and time provided by said section. The case of Looney v. County Election Board, 145 Okla. 25, 291 P. 554, is cited, wherein in the body of the opinion this court said:

"We, therefore, hold that under the provisions of section 6, ch. 241, Session Laws of 1929, a contestant is given a right to a recount upon the mere filing of a petition in the manner and form and within the time therein specified."

Section 391, supra (Laws 1931, p. 97, sec. 8) and the 1929 act contain similar provisions in reference to the service of notice upon the contestee after the filing of petition for recount.

In the Looney Case it was contended that even after the timely filing of a proper petition for recount, contestant had no right to recount until there had been offered evidence sufficient to

overcome the presumption of correctness and fairness of the returns of the precinct election officers. It was pointed out that such was the rule under the provisions of chapter 63, Session Laws of 1927, as was held in Brown v. Branson, 139 Okla. 271, 270 P. 63; that whereas section 6107, C.O.S. 1921, had provided that contestant should be entitled to recount upon the filing of the affidavit or challenge as a matter of right and without necessity of first showing by evidence that there was irregularity or mistake in the conduct and count in the election, that in the enactment of the election law in 1927, section 6107 was repealed, but thereafter in the enactment of 1929 the identical language of section 6107, supra, was used thereby repealing the 1927 act and restoring to the law the right to recount upon the timely filing of a request and challenge of the returns.

It was in arriving at this determination that the above-quoted language was used in the Looney Case. In the Looney Case it was not shown what notice or process was served upon the contestee nor does it appear that a question of notice was raised. Herein the election board refused to proceed with recount upon the ground that plaintiff contestant had failed to cause timely notice of his request for recount to be served on the contestee.

Plaintiff's right to recount is governed by the provisions of 26 O. S. 1941 §391, adopted in 1931. After provision concerning the filing of request for recount, said section contains this language:

"It shall be the duty of said election board to order said recount and proceed with the same as herein provided. . . .

"Provided, further, that it shall be the duty of any such contestant to cause to be served upon the contestee, or contestees, opposing him, and directly affected by such challenge or contest, a true copy of said written application, the original of which is required herein to be filed with the county elec-

tion board. Said service shall be made in person, where possible, w i t h i n twenty-four hours after the filing of said original petition of contest, and where personal service is impossible within such time, on account of absence of contestee, or contestees, from the county, or for any other reason, it is hereby made the duty of said contestant to serve said true copy upon the secretary of the county election board of the county.

"And provided, further, that for the purpose of such constructive service, the secretary of the county election board is hereby made and constituted the service agent of each and every candidate in all primary elections in each county. . . .

"The service herein shall be made by the sheriff of the county . . . and the certificate of the returns of such sheriff . . . showing the inability to make such service within the above mentioned time, shall be deemed sufficient proof of the absence of such contestee . . . to justify the constructive service herein provided. . . .

"Provided, further that as to constructive service in matters of county contests, the same shall be made twelve hours after the proof of inability to personally serve the contestee, or contestees, has been submitted to and filed with said secretary of the county election board. . .

"Upon the completion of service as aforesaid, the county election board in case of a contest for county office . . . shall set such contest down for a day certain for hearing, same not to be more than twenty-four hours from the time of the completion of such service, . . .

" . . . and in the event of a contest, if service is not filed within the time herein provided for, such contest shall be deemed abandoned, and certificates of nomination shall be immediately issued, as provided by law."

It is apparent from the foregoing that plaintiff, after timely filing of petition for recount, had the further duty to cause a copy of said petition to be served upon Courtney within a spec-

ified time to secure recount, and that after the filing of the petition, the defendant election board had no further duty to perform in reference to recount until "upon the completion of service as aforesaid." Upon expiration of the time for the completion of service of notice of contest of results of the election and no service having been filed, it was the duty of the election board to treat the contest as having been abandoned and proceed to issue certificate of nomination as provided by law.

In the absence of any evidence of timely service of notice, as provided by statute, the application for writ of mandamus was properly denied.

Originally it was suggested that the fact of a tie vote might affect the right to a recount and that in such a case the right to a recount might be absolute and without strict regard to statutory procedure. We are not impressed with the suggestion that the right to a recount in such circumstances would be any different to the right where contestant was a few votes behind. In effect that question was so resolved in the course of the oral argument.

The judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.