GARDNER v. SCOTT.

No. 34796. Nov. 20, 1951.

*237 P. 2d 863.*

334

C. N. Haskell, Muskogee, for plaintiff in error.

Banker & Bonds, Muskogee, for defendant in error.

JOHNSON, J. The parties here occupy the same relative position as in the trial court and hereafter they will be referred to as they there appeared.

Plaintiff commenced this action, in the nature of quo warranto, in the district court of Muskogee county, Oklahoma, against the defendant, Alex Scott, to determine title to an office under section 1531 et seq., Title 12 O. S. 1941. He alleged that at the annual school meeting of the election of Independent School District No. 42 of Muskogee county, Oklahoma, he was, by the greatest number of legal votes cast, duly and legally elected as a member of the board of education of said district for a term of five years from the date of said election but that the defendant has usurped and intruded into and now unlawfully holds said office and unlawfully claims and assumes to be such officer and to have the right to exercise and perform the duties of the office during said term.

The defendant answered, alleging that he was the only candidate who had filed his notification and declaration as provided by law and was therefore the only candidate for membership on the board of education of Independent School District No. 42, and having no opponent, he was declared elected.

Trial to the court, without a jury, resulted in a judgment for the defendant when the court sustained defendant's demurrer to plaintiff's evidence, with exceptions.

A motion for new trial was overruled, and plaintiff appeals.

The evidence discloses that only two candidates filed notifications and declarations as provided for in section 11, art. 4, Oklahoma School Code (chap. 1A, Title 70, Oklahoma Session Laws 1949); that plaintiff's notification and declaration provided inter alia, "I hereby submit my candidacy for election as president of the board of said District, . . ."; that at the annual meeting of the electors of the district, the presiding officer announced that Alex Scott, the defendant herein, was the

only properly filed candidate and that he should be declared elected; that thereupon opposition from the electors was registered and they insisted that the election proceed with all electors present being informed that Fred Gardner, Sr., plaintiff herein, could not be elected president of the board but would have to be voted on as a member and not as president; that one of the electors inquired of the defendant, Scott, whether he had any objections to the election and he answered, "No"; that the presiding officer (Vice-President Brooks) declined to hold the election; that the chair was assumed by J. L. Lyons, a member of the board, and the clerk of the board officiated in the distribution of the ballots, writing each elector's name on the ballot stub, assisted by one of the teachers; that the ballots, when voted, were deposited in a ballot box, then taken out of the ballot box by Rev. Anthony and handed to Rev. Thomas who called out the vote on each ballot to be tabulated on the blackboard by two counters; that the tabulation showed 69 votes for Fred Gardner, Sr., plaintiff, and 30 votes for Alex Scott, defendant, and the result was declared by acting chairman, Lyons, without objections.

Plaintiff contends that this evidence, admitted as true by the demurrer, shows that the election was a free and fair expression of the voters' will and should have been sustained by the trial court. We agree.

The ballots had presumably been prepared and furnished by the county superintendent of schools of Muskogee county, Oklahoma, for the election of one member of Independent School District No. 42 for a term of five years to succeed the member whose term was expiring during the current year as provided by sections 8 and 16 of art. 4 of the Oklahoma School Code of 1949. The voters cast these ballots to elect a member of the board of education of said district and not for a president. This was thoroughly understood by everyone and no one was misled as to the purpose of the election. The irregularity in plaintiff's notification and declaration was of no consequence since no injustice resulted therefrom and the votes of the citizens were freely and fairly cast at the time and place designated by law for their choice between the candidates who sought to be elected as a member of the board of education for the ensuing term of five years.

The true gravamen of an action or remedy to determine title to an office is to prevent the will of electors from being thwarted either by fraud committed during election or by mistakes honestly made but by reason of which injustice is done contestant. 29 C.J.S., Elections, §249. The public good demands that the will of the people as expressed at the ballot box be not easily disturbed. If the votes of the citizens (voters) are freely and fairly cast at the time and place designated by law, the intent and design of the election are accomplished. It is the will of the electors thus expressed that gives the right to the office and where no injustice is done or no one is misled, the failure of the officers to perform some ministerial duty in relation to the election cannot invalidate it. Town of Grove v. Haskell, 24 Okla. 707, 104 P. 56.

In Matthews v. State ex rel. Williamson, 186 Okla. 333, 97 P. 2d 759, it was held that the resignation of a member of the board of education of an independent school district and appointment of a successor were not invalid because member resigned as clerk of the board and not as a member thereof and because appointment was made to the office of clerk of the board and not to the office of member thereof, in view of the fact that none of the parties was misled as to the purpose or effect of the resignation or appointment.

However, defendant contends that Fred Gardner, Sr., (plaintiff) had not properly filed as a candidate for the vacancy created by the expiration of the term of Alex Scott, defendant, as a member of the board, whose term as president of the board also expired on the date of the election; that plain-

tiff's notification and declaration of his candidacy for president of the board of education was a nullity because not in compliance with section 11, art. 4, supra. This section provides that no person shall be eligible for or have his candidacy submitted or considered or voted upon for membership on the board of education of an independent school district unless he has filed a notification and declaration of his candidacy with the clerk of the board of education of such district not more than twenty (20) days nor less than ten (10) days prior to the time of the election. Defendant argues that plaintiff, having filed for the office of president of the board, which office is filled by the members of the board of education from its membership and not by the electors of the school district as provided for under section 22, art. 4, Oklahoma School Code, 1949 Session Laws, his filing was a nullity and his election was illegal and void.

In support of this contention, defendant cites and quotes from Kreiser v. Groenwald, 184 Okla. 287, 86 P. 2d 990. It is observed that in that case the outgoing member was clerk of the board and the voters met for the purpose of holding their annual election; that the voters proceeded by ballot to elect a clerk and not a member. It was held that the voters of independent school districts were without authority to elect a clerk of such districts. This authority would be applicable to the case at bar had the voters proceeded to vote for a president of the board, but they did not do so. They voted for a member of the board of education of such district in compliance with the statute, section 16, supra, which provided that:

"An annual meeting of the school district electors shall be held . . . School district electors attending shall, by written ballot furnished by the county superintendent of schools, elect a member of the board of education to succeed a member whose term expires during such year . . ."

Defendant's objections to the contents of plaintiff's filing papers are without merit.

In considering defendant's contentions, we must apply the rule announced in Town of Grove v. Haskell, supra, that all reasonable presumptions are in favor of the regularity of elections and that they are not to be held void unless clearly illegal; that statutory requirements are provided in order that elections may be lawfully and fairly held and that people entitled to participate therein may do so. The end to be accomplished in every case, not the means, is the chief purpose of the law. Elections are the ultimate expression of the sovereign will. When fairly expressed—that is, free from taint or fraud or charge of improper conduct—it is the duty of the courts to sustain them, where it can be done by a liberal construction of the laws relating to elections rather than defeat them by requiring a rigid conformity to law.

No controversy would have arisen but for the use of the word "President" instead of "Member" to designate plaintiff's candidacy for the only office which was to be filled by the electors at the annual meeting. The election results were the free and fair expressions of the citizens' franchise, free from taint or fraud or charge of improper conduct. There was no objection to the form or challenge to the substance of plaintiff's notification and declaration before election day.

Section 11, art. 4, supra, provides for a mandatory filing period for filing a written notification and declaration of one's candidacy for election to membership on the board of education of an independent school district with the clerk of such board, but provides no particular form thereof or any means of challenging, correcting or protesting the same. Nor does the statute in express terms declare the election void in case of an unintentional irregularity or mistake in the substance of a notification and declaration otherwise proper.

In Lamb v. Palmer, 79 Okla. 68, 191 P. 184, we said:

"The general rule is, where the statute does not in express terms declare

an election void for violation of certain statutory provisions, the election will be sustained, and the violation of the statute will be treated as an irregularity going to the form, instead of to the substance, where, from all the facts, the court concludes that, in spite of the departure from statutory requirements, a full and fair ballot has been cast, and a true ·and fair return of the entire election has been canvassed and made."

This rule was approved in Wallace v. Excise Board of Bryan County, 91 Okla. 101, 216 P. 654.

We are of the opinion that where a candidate files his written notification and declaration at the proper time but erroneously and mistakenly stated therein that he filed for "President" of the board (which officer is selected by the board members from its membership) rather than "Member" of the board as he should have, and neither the clerk or anyone else challenged the form of his filing until election day and only one member of the board was to be elected and ballots were previously so prepared, such notification and declaration was in substantial compliance with section 11, art. 4, Oklahoma School Code, chap. 1A, Title 70, Oklahoma Session Laws 1949.

For the above reasons the judgment is reversed and remanded, with directions to reinstate the cause, overrule defendant's demurrer, and render judgment for plaintiff.

ARNOLD, C. J., HALLEY, V. C. J., and WELCH, CORN, GIBSON, and BINGAMAN, JJ., concur. DAVISON and O'NEAL, JJ., dissent.