Cactus Face DUGGAN, Plaintiff in Error,

v.

H. E. BAILEY, Chairman; Warren B. Morris, Member; and Blanche F. Titus, Secretary, all of the Oklahoma County Election Board; and Bob Turner, Defendants in Error.

No. 37582.

Supreme Court of Oklahoma.

Sept. 24, 1957.

Rehearing Denied Oct. 29, 1957.

Sid White, Oklahoma City, for plaintiff in error.

James W. Bill Berry, County Atty., Oklahoma County, and M. M. Thomas, Asst. County Atty., Oklahoma County, Oklahoma City, for County Officers.

O. A. Cargill, O. A. Cargill, Jr., and John Chaif, Oklahoma City, by O. A. Cargill, Jr., Oklahoma City, for Bob Turner, defendant in error.

HALLEY, Justice.

This is an appeal by Cactus Face Duggan from an order of the Oklahoma County Election Board, denying him a recount of the votes cast for Oklahoma County Sheriff in the primary election held on July 3, 1956. The contestant was a candidate for sheriff in that election. The tabulation of the votes by the County Election Board showed that Bob Turner received a majority of the votes cast for sheriff, but the plaintiff in error, here referred to as contestant, alleged that there were irregularities in the counting and tabulation of the returns of the election, and tendered the required cash deposit with the County Election Board.

The contestant, plaintiff in error here, made Bob Turner a party defendant with the County Election Board, and both filed separate answers. They both alleged that the contestant had failed to meet the requirements of Section 391, 26 O.S.1951, which provides the essential provisions that must be complied with by a candidate who seeks a recount of the votes cast in a primary election. Section 391 provides in part as follows:

"* * * No certificate of party nomination shall be issued by the county election board before Thursday noon next following any primary election, * * *

"Any candidate for party nomination to county office may, at any time before noon Thursday next following the primary election, file with the secretary of the county election board his or her challenge of the correctness of the announced results of said primary election by filing with the secretary of the county election board, whose duty it is to canvass the returns in such a race, a written application requesting a recount of the ballots, as to one or more precincts in such county and where said application is accompanied by a cash deposit in the sum of not less than Two Hundred Fifty ($250.00) Dollars, for each county. It shall be the duty of said election board to order said recount and proceed with the same as herein provided. * * *"

On July 10, 1956, on the petition of contestant, the District Court issued an alternative writ of mandamus as prayed for requiring defendants to disclose their legal reasons for denying a recount on July 6, 1956, and requiring defendants to appear before the court at 10 A.M., July 11, 1956, and show cause, if any, for their failure to grant contestant a recount. The defendants appeared on July 11, 1956, evidence was introduced, arguments heard, and the court ordered the alternative writ discharged and the petition of contestant was dismissed. Contestant filed a motion for a new trial, which was overruled and contestant has appealed.

Contestant attached to his petition filed July 10, 1956, his Exhibit "A" alleging irregularities in the July 3rd primary election, and demanding a recount, setting out that he had until July 12th to demand a recount because the results of the primary election were not announced until July 6, 1956. The record shows that this Exhibit "A" was filed with the Election Board at 1:38 P.M. July 5, 1956. The Secretary certified that there was filed with the July 5, 1956 application, a cashier's check for $250.

On July 9, 1956, the Election Board addressed a letter to contestant returning his application for a recount and cashier's check, for the reason that the Board had previously accepted an application from contestant challenging the results of the primary election of July 3, 1956, and had, on July 6, 1956, considered that challenge and denied it and that contestant had thereafter withdrawn his first deposit. The contestant's second cashier's check for $250 was returned with this letter.

We note that the trial court in its order of July 11, 1956, cited section 391, supra, and the cases of Ellison v. Patman, 199 Okl. 500, 187 P.2d 988, and Pinson v. Robertson, 197 Okl. 419, 172 P.2d 625, 627, as supporting his view that under the undisputed facts in evidence, contestant was not entitled to a recount.

■ The undisputed facts are that the primary election challenged was held on Tuesday, July 3, 1956; that contestant challenged the results of that election as to the office of sheriff of Oklahoma County announced by the Election Board; tendered the required amount of cash and prayed for a recount of the ballots cast for sheriff in each precinct in Oklahoma County. This challenge was sworn to by contestant and filed with the Election Board July 5, 1956, at 1:38 P.M. in the presence of a member of the Board and so endorsed by its secretary as having been so received for filing on the date and hour above stated.

Contestant testified that he delivered his first challenge to the Election Board on July 5, 1956, and filed a second challenge on July 9, 1956; that on July 5, 1956, he read the results of the sheriff's race in the newspapers; that the Board had a meeting on the 6th and ruled against him, and he withdrew his cash deposit on his first challenge and later filed his second petition for a recount.

The defendants submit that under the provisions of section 391, supra, a candidate may file his application for a recount on or before noon on Thursday next following the primary election.

In Ellison v. Patman, supra, this Court said in the body of the opinion:

"* * * Upon expiration of the time for the completion of service of notice of contest of results of the election and no service having been filed it was the duty of the election board to treat the contest as having been abandoned and proceed to issue certificate of nomination as provided by law." [199 Okl. 500, 187 P.2d 990.]

■ In Pinson v. Robertson, supra, the Court discusses the desirability of election contests being settled promptly and in the body of the opinion said:

"* * * Consequently, because the public good demands it, and in order that the rightful claimant may enjoy as nearly as practicable the full term for which he was elected, statutes have been enacted in many states requiring that persons desiring to contest elections do so within a certain period of time. It is generally held that such provisions are mandatory and may not be waived and that the courts are without jurisdiction to hear contests not filed within the time prescribed. 9 R.C.L. 1169; 18 Am.Jur. 368, § 290; 20 C.J. Elections § 280, p. 220; 29 C.J.S. Elections § 258, p. 370.

"Thus the requirement as to the time of filing the action is, in effect, held to be a limitation upon the right itself and not merely a limitation upon the remedy. * * *"

Defendants further submit that a recount of ballots cast in an election is within the discretion of the Legislature and is not a matter for the courts to decide. They cite the case of Coe v. State Election Board, 203 Okl. 356, 221 P.2d 774, wherein at page 776, the Court said:

"The right to a recount of ballots cast at an election did not exist at common law. The grant of the right lies within the discretion of the Legislature. Its grant of the right on conditions prescribed by it is exclusive. The right granted can be exercised

only upon compliance with the conditions prescribed and the conditions prescribed may vary as between general primaries to determine nominees of the parties and general elections."

The Court in the Coe case pointed out the requirements of section 391, and also that when such requirements are met it becomes the mandatory duty of the election board to order a recount.

We have discussed the contentions of the defendants in error first because the brief submitted by the contestant cites no statutory provisions and no case dealing with contested elections.

Contestant appears to contend that the results of the election were not available in time for him to meet the requirements of section 391 by filing his petition for a recount at any time before noon on July 5th, which was the Thursday next following the primary election sought to be contested. Defendants point out that contestant could have checked the tabulations required by law to be posted in each precinct; the tabulations delivered to the County Election Board by precinct officials; the copy of tabulations delivered to the County Clerk or a copy of the tabulations delivered to the press. It is not disputed that the tabulation of the results of the election were compiled on Wednesday, July 4, following the election on July 3. It is immaterial how contestant acquired the results. He must have had the results in time to comply with the law because .he filed his first petition for a recount on Thursday, July 5th, but not before noon, as section 391 expressly required.

The word "noon" is defined in 66 C.J.S. at page 605, as follows:

"The middle of the day; midday; the time when the sun is in the meridian; twelve o'clock in the daytime; midday, and, in exact use, twelve o'clock."

The contestant failed to comply with the requirements of section 391, 26 O.S.1951, and the order and judgment of the trial court dismissing his petition for a recount is hereby affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON, and CARLILE, JJ., concur.