Cleeta John ROGERS, Petitioner,

v.

STATE ELECTION BOARD OF OKLA-
HOMA et al., Respondents.

No. 47998.

Supreme Court of Oklahoma.

Dec. 16, 1974.

Gomer Smith, Jr., and Marti Hirst, Oklahoma City, for petitioner.

Clyde J. Watts, William D. Graves, Oklahoma City, for respondent Helm.

SIMMS, Justice.

Petitioner requests this Court to assume original jurisdiction and issue a writ of mandamus to the State Election Board requiring them to cancel a certificate of election issued to his opponent and issue Petitioner a certificate. In the alternative, Petitioner asks this Court by this original action in the nature of quo warranto to determine Petitioner to be the lawful holder of the office in question.

Petitioner Cleeta John Rogers is the unsuccessful Democratic incumbent candidate for the Oklahoma State Senate, District 46. Mary Helm received a majority of votes for the office in the general election on November 5, 1974. On November 8, 1974, Petitioner filed a petition with the State Election Board requesting the Board refuse to issue a Certificate of Election to Mary Helm on two grounds: (1) Mary Helm fraudulently stated she possessed the statutory residency requirements to become a bona fide candidate for the office of Senate District 46 at the time she filed for office; and, (2) that Mary Helm did not timely file her campaign contribution and expenditures report in accordance with the provision of 26 O.S.Supp.1974, § 424.7.

The State Election Board dismissed Petitioner's contest and issued Respondent Mary Helm a Certificate of Election on November 19, 1974.

■ This Court is authorized to assume original jurisdiction in this matter as provided in 12 O.S.1971, §§ 1531 and 1532. Section 1531 provides the contestant for an office may seek a remedy by civil action "at any time after the issuance of the certificate of election . . ." Section 1532 provides such an action may be brought alternatively in the district court or in the Supreme Court. In State ex rel. Attorney General v. Freeman, Okl., 440 P.2d 744, 749 (1968) this Court held:

"We accept jurisdiction and are of the opinion that if a Corporation Commissioner shall have done any act, under which our Constitution, shall constitute a forfeiture or vacation of his office, this Court, under the authority of Art. VII, § 4, of the Constitution, and Title 12 O.S. 1961, Sections 1531 and 1532, has jurisdiction of an action in the nature of quo warranto and the power to make a judicial determination that such officer has forfeited or vacated his office."

Petitioner argues Ms. Helm's candidacy was void ab initio since she falsely swore her residence was within a certain precinct in Senate District 46, and this constituted fraud. While there has been no determination of fraud, the face of sworn statements filed with the State and County Election Boards on successive days reveal an inconsistency in statements concerning residence. On July 10, 1974, Mary Helm swore in her "Notification and Declaration" for the Senate seat that she lived at 1924 N.W. 30 Street, in Oklahoma City. The following day, she registered with the Oklahoma County Election Board, and swore she lived at 3201 N.W. 16 Street.

■ Title 26, O.S.1971, § 165a controls objections to the notification and declaration of a candidate and provides, in part:

"* * * If the legality or regularity of a notification and declaration is challenged, questioned, or objected to upon any ground, the objections or grounds shall be set forth in a written petition which shall be filed with the proper Election Board, together with a copy for the candidate whose filing or candidacy is challenged. * * * Any candidate's filing may be stricken, and his name stricken or ordered not placed upon the ballots if his candidacy is frivolous or not made in good faith, or is fraudulent or contrary to law. * * * *no objection or challenge to a candidacy shall be filed after 5:00 P. M. on the 2nd day following the close of the filing period.*" (E.A.)

It is incumbent upon the Legislature, not the courts, within the framework of the Constitution, to make provisions and set requirements for candidates and elections. The Legislature has set the rules, there has been no allegation those rules violate the Constitution, and those rules will stand.

This Court has heretofore considered the statutory period of limitation to object to candidacy in Wickersham v. State Election Board, Okl., 357 P.2d 421 (1960). In that case, Petitioner offered to prove that the other candidate was not a resident of Oklahoma and a bona fide legal voter at the time he filed his candidacy. It was held:

"* * * we are, therefore, of the opinion that petitioner's failure to comply with the provisions of Sec. 165a, supra, until after the votes cast at the General Election had been counted precludes our granting petitioner relief herein on the grounds that Wheeler was disqualified to hold the office which he sought.

"In so holding, we have not overlooked the fact that the only provision of said statute treating within the time within which an objection shall be filed to a notification and declaration of candidacy is the provision to the effect that 'No objection or challenge to a candidacy shall be filed after five days from the close of the filing period'; that the filing period referred to in the quoted provision was the period provided in 26 O.S. 1951 § 163, and that said period had expired prior to Wheeler's filing his notification and declaration.

"By enacting Sec. 165a, supra, the Legislature, in our opinion, clearly indicated that it intended that the matter of the eligibility of a candidate for an office be first considered by the Election Board with which the candidate filed his notification and declaration and not by the courts; that an objection or protest to such notification and declaration be filed in all instances and that a hearing thereon be held at an early date and before an election is held."

In Murphy v. Darnell, Okl., 268 P.2d 860, 861 (1954) this Court held:

"* * * The exclusive method to challenge, question or object to the 'legality or regularity of a notification and declaration' is provided by 26 O.S.1951 § 165a. The action of the County Election Board in placing the applicant's name on the ballot as a candidate for the office is in the nature of a judgment of that body in its semi-judicial capacity and that judgment cannot be collaterally attacked. Any person desiring to raise the question of eligibility of a proposed candidate may do so under the provisions of said statute. Not having done so, he cannot, thereafter, question that final decision of the board."

■ We can only conclude that Petitioner's failure to follow the statutory provisions for contesting his opponent's candidacy by timely filing an objection to the notification and declaration, bars relief to Petitioner even though Helm's notification may, arguendo, have been fraudulent.

Petitioner also alleges Ms. Helm is guilty of a misdemeanor for which she must forfeit her office since she did not comply with the Campaign Expenditures Act. Under the provisions of that Act, 26 O.S. Supp.1974, § 424.1 et seq., reports relating to campaign finances and expenditures in the 1974 elections must have been filed "on or before" August 17; September 17; and October 26; by not later than 4:30 P.M. on each of the dates. Ms. Helm did not file each of her reports until two days late. That is to say, the reports were not filed in compliance with the statute.

Section 424.12(B) provides:

"Any person upon *final conviction* of violating any provision of this act, in connection with a campaign resulting in the person's election to office, shall forfeit the office to which he was elected." (E.A.)

The question is whether this Court has jurisdiction or authority to forfeit the office to which a person has been elected because that person has failed to comply with the campaign expenditures act, and prior to a "final conviction". This question was answered in the negative in State ex rel. Attorney General v. Freeman, Okl., 440 P. 2d 744, 753 (1968):

"To sustain its contention that defendants have forfeited or vacated their respec-

tive offices for violation of their oath as prescribed by § 1, supra, State argues that a violation of such oath disqualifies them from holding their offices under the specific language of Article XV, § 2, of the Constitution. State construes this section as providing that '* * * any person * * * having violated said oath * * * shall be disqualified from holding any office of trust or profit within the State.'

"State's construction of § 2, is not in harmony with its specific language which inter alia, provides '* * * any person refusing to take said oath, or affirmation, shall forfeit his office, and *any person who shall have been convicted of having sworn or affirmed falsely, [or affirmed falsely] or having violated said oath, or affirmation, shall be guilty of perjury, and shall be disqualified* from holding any office of trust or profit within the State. * * *

"[However] '* * * we therefore hold that before a person "shall be disqualified from holding any office of trust or profit within the State", under the provisions of Article XV, § 2, of the Constitution, such person "shall have been convicted of * * * having violated said oath", in a court of competent jurisdiction.'

"*Since defendants have not been convicted in a court of competent jurisdiction of having violated their oaths of office as prescribed by Article XV, § 2, of the Constitution, this court does not have the jurisdiction and power to make a judicial determination that defendants have forfeited or vacated their respective offices under counts I and II.*" (E.A.)

By reason of the express provision of the statute requiring a conviction of the campaign expenditures act before forfeiture, this Court is without judicial power to declare that Ms. Helm has forfeited her right to the office or that a certificate of election should be issued to Petitioner.

In essence, the strength of the campaign laws in this State depends upon reasonable laws being passed by the Legislature and enforcement of those laws by the prosecutors. Our three branch system of government does not permit the courts to fill the chasm left by either the laws as passed, or the failure by prosecutorial authorities to enforce those laws.

Original Jurisdiction Assumed; Writ of Mandamus Denied; Relief in the nature of Quo Warranto Denied.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, LAVENDER and BARNES, JJ., concur.

DOOLIN, J., concurs in result.