**Martha COOPER, Petitioner,**

v.

**Sherman DIX, the Haskell County Election Board, and Barto Hulsey, Chairman; Elmer R. Palmer, Vice Chairman; Roxanna Powell, Secretary; and George H. McBee, District Judge for Haskell County, Oklahoma, Respondents.**

No. 72750.

Supreme Court of Oklahoma.

April 7, 1989.

Belva Brooks Barber, Barber and Barber, Poteau, for petitioner.

John N. Henderson, Stigler, for respondent, Sherman Dix.

Farley W. Ward, Asst. Dist. Atty., Stigler, for respondents, The Haskell County Election Bd., Barto Husley, Chairman, Elmer R. Powell, Vice Chairman, and Roxanna Powell, Secretary.

KAUGER, Justice.

■ This election dispute concerns whether 26 O.S.Supp. 1983 § 8–120 [1] permits a "cross-petition" alleging irregularities to be filed at the time of an election contest hearing. We answer in the negative because § 8–120 is specifically applica-

---

1. The procedure for petitions alleging irregularities, 26 O.S.Supp. 1983 § 8–120, provides:

"When a petition alleging irregularities other than fraud is filed, said petition must allege a sufficient number of irregularities and of such nature as to:

1. Prove that the contestant is lawfully entitled to be certified the party's nominee or to be issued a certificate of election, or to have his name appear on the Runoff Primary Election ballot; or

2. Prove that it is impossible to determine with mathematical certainty which candidate is entitled to be certified as the party's nominee or to be issued a certificate of election, or to have his name appear on the Runoff Primary Election ballot.

Additional irregularities may be presented at the hearing if not known to the contestant at the time the petition is filed. If such allegations are not made, the petition shall be deemed frivolous by the presiding judge and shall be dismissed. Said petition must be accompanied by either a cashier's check or certified check in the amount of Two Hundred Fifty Dollars ($250.00) for each county affected by the petition. Said petition must set forth specific allegations of irregularities in certain precincts or in the casting of absentee ballots. If said petition is filed in the manner herein provided, the district judge of the county or such other judge as may be assigned by the Supreme Court shall hear and determine said issue in the same manner as provided for a petition alleging fraud. Deposits shall be used to defray actual costs as provided for recounts."

ble to petitions alleging election contest irregularities—it does not contain a provision for filing a "cross-petition".

On January 24, 1989, an election was held for the Board of Education Office No. 4 of the Stigler School District. The only candidates were the petitioner, Martha Cooper, and the respondent, Sherman Dix. After the vote was counted, Dix received 618 votes and Cooper received 614 votes. Pursuant to 26 O.S. 1981 § 8–109,[2] Cooper filed a petition seeking a recount and a petition alleging irregularities in the election contest on January 27, 1989. On February 6, 1989, the trial court ordered a recount which was held in open court. The recount reflected 617 votes for Cooper and 613 votes for Dix. During the recount, Dix filed a cross-petition with the Election Board Secretary alleging irregularities in the election process. After the results were announced, and the cross-petition was presented, Cooper moved to dismiss her petition. The trial court took the motion to dismiss under advisement. On February 9, 1989, the court held that Cooper could not dismiss her claim, substituted Dix for Cooper as the contestant, and determined that the "cross-petition" was an amendment to the original petition. Thereafter the trial court heard evidence, it decided that a winner could not be determined with mathe-

matical certainty. On March 3, 1989, the petitioner requested we assume original jurisdiction and issue a writ of prohibition and mandamus. An order was issued on March 30, 1989 granting the writs and notifying the parties that a formal opinion would follow.

## A CROSS–PETITION MAY NOT BE FILED AT THE TIME OF THE ELECTION CONTEST HEARING IN THE ABSENCE OF ALLEGATIONS OF FRAUD.

■ Cooper contends that the "cross-petition" was filed untimely. Although neither party alleged fraud, Dix argues that his counter claim should be handled according to 26 O.S. 1981 § 8–119,[3] the procedure for cross-petitions alleging fraud in election contests. His assertion is based on language from § 8–120 which provides that if the petition is filed in accordance with the statute, the trial court shall hear and determine the issue in the same manner as provided in § 8–119.[4] Title 26 O.S. 1981 § 8–120 states that after the petition is properly filed, *the hearing procedures* outlined in § 8–119 are to be followed, not the pleading procedures. The right to contest an election is a statutory right.[5] In *Duggan v. Bailey*, 317 P.2d 200,202 (Okla.1957)

---

**2.** The time for filing a contest is found in 26 O.S. 1981 § 8–109 which provides:

"Any candidate whose name appeared on a Primary, Runoff Primary or General Election ballot may, at any time before 5:00 p.m. Friday next following an election, contest the correctness of the announced results of said election by filing a written petition with the appropriate election board. Contests shall not be permitted in any election except those in which candidates are seeking office."

**3.** The procedure for petitions alleging fraud, 26 O.S. 1981 § 8–119, provides in pertinent part:

"When a petition alleging fraud is filed, said petition must be accompanied by a cash bond ... In said petition, contestant must allege that fraud occurred in certain precincts or in the casting of absentee ballots.... If such petition is filed in the manner herein provided, the district judge of the county in which the alleged fraud occurred, or such other

judge as may be assigned by the Supreme Court, shall hear and determine said issue without delay or continuance of more than one (1) day. On the day of such hearing, the contestee may file answer to such petition or may file cross petition, setting forth in detail, as required of a petition herein, such claim of fraud.... The judge shall try and determine the issues formed by such pleadings and render such judgment as he may deem just and proper, according to the evidence submitted. The decision of said district judge shall be final as to any changes in the total votes, and a copy of such judgment and decision shall be furnished the appropriate election board...."

**4.** Title 26 O.S.Supp. 1983 § 8–120, see note 1, supra.

**5.** *Rogers v. State Election Bd.*, 533 P.2d 621–22 (Okla.1974).

o

we held that the filing deadline is a limitation on the right itself and not merely a limitation upon the remedy. Courts do not have the power to hear contests untimely filed.[6] Thus, the trial court lacked the authority to hear the matters raised by the untimely cross-petition.

Title 26 O.S. 1981 § 8–119 is inapplicable. If the petitions asserting irregularities and fraud were to be treated the same, it was unnecessary and redundant for the Legislature to enact two separate statutes. The Legislature is never presumed to have done a vain and useless thing.[7] It is the duty of the court to give effect to legislative acts, and it may not ignore the plain words of a statute.[8] Because of its very nature,[9] actions involving fraud usually receive special procedural considerations. For example, statute of limitations do not begin to run until discovery of the fraud[10] and judgments may be modified or vacated if obtained by fraud.[11] In the absence of allegations of fraud, the Legislature did not intend to allow the filing of "cross-petitions" on the day of the election contest hearing.

## CONCLUSION

 As a matter of public policy, the Court usually indulges every presumption in favor of the validity of an election.[12] Where possible, the validity of an election will be sustained, and an election which is not clearly illegal will be upheld.[13] Generally, in the absence of fraud or corruption, and in the presence of merely statutory informalities, the results of the election will not be invalidated.[14] This rationale is premised on the interest the electorate has in having its votes count, and the expense involved in conducting a second election.[15]

We find that the cross-petition was filed untimely. A writ of mandamus is issued ordering the trial court to certify the results of the recount as the official results of the election for the Board of Education and ordering the Haskell County Election Board to issue a Certificate of Election to Martha Cooper. A Writ of Prohibition is issued to prevent the Election Board from conducting a special election April 11, 1989.[16] The time for filing a petition for

6. *Duggan v. Bailey,* 317 P.2d 200, 202 (Okla. 1957).

7. *Farris v. Cannon,* 649 P.2d 529, 531 (Okla. 1982).

8. *Toxic Waste Impact Group v. Leavitt,* 755 P.2d 626, 630 (Okla.1988); *Allgood v. Allgood,* 626 P.2d 1323, 1327 (Okla.1981).

9. *Adoption of Graves,* 481 P.2d 136, 138 (Okla. 1971).

10. Title 12 O.S. 1981 § 95 provides in pertinent part:
 "Civil actions other than for the recovery of real property can only be brought within the following periods, ...
 Third. ... an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud. ..."

11. Title 12 O.S. 1981 § 1031 provides in pertinent part:
 "The district court shall have power to vacate or modify its own judgments or orders within the times prescribed hereafter: ...

Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order ..."

12. *Keltch v. Alfalfa County Election Bd.,* 737 P.2d 908, 911 (Okla.1987); *Tecumseh v. Shawnee,* 148 Okl. 128, 297 P. 285, 294 (1931).

13. *Gardner v. Scott,* 205 Okl. 333, 237 P.2d 863, 866 (1951); *Grover v. Haskell,* 24 Okl. 707, 104 P. 56, 60 (1909).

14. *Hembree v. Stilwell,* 597 P.2d 1218, 1220 (Okla.1979); *Gardner v. Scott,* see note 13, supra.

15. *Keltch v. Alfalfa County Election Bd.,* see note 12, supra.

16. The Okla. Const. art. 7, § 4 provides in pertinent part:
 "... The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all Agencies, Commissions and Boards created by law...."

rehearing in this cause is shortened to three days from the date of this opinion.

ORIGINAL JURISDICTION ASSUMED; WRIT OF MANDAMUS AND WRIT OF PROHIBITION GRANTED.

HARGRAVE, C.J., and SIMMS, DOOLIN, WILSON and SUMMERS, JJ., concur.

OPALA, V.C.J., and HODGES and LAVENDER, JJ., dissent.