## FORD MOTOR CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 23973.   Opinion Filed Nov. 22, 1932.

Rehearing Denied Dec. 27, 1932.

Everest, McKenzie, Halley & Gibbens, for petitioner.

A. H. Meyer, for respondents.

KORNEGAY, J. This is an application by an employer, who was its own insurance carrier, to review an award made by the Industrial Commission on the 19th of July, 1932, which is as follows:

"The Commission having reviewed the evidence taken and being well and sufficiently advised in the premises, finds:

"1. That the claimant herein, on and prior to July 30, 1931, was in the employment of the respondent and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law.

"2. Arising out of and in the course of said employment, the claimant on July 30, 1931, sustained an accidental personal injury by getting foreign matter in both eyes, as a result of which he lost no time but kept on working.

"3. That as a further result of said injury the claimant now has a permanent loss of vision of 15 per cent. in both eyes, and due to the accident of about July 30, 1931, and as a result of said accident, the claimant has suffered a permanent loss of vision in each eye of 5 per cent. and is entitled to recover 5 per cent. of 500 weeks, or 25 weeks, at $18 per week.

"4. That the average daily wage of the claimant at the date of said injury was $7 per day, thus making his compensation rate the sum of $18 per week.

"The Commission is therefore of the opinion: Upon a consideration of the foregoing facts that the claimant is entitled to compensation in the sum of $450, to be paid in one lump sum, for 5 per cent. permanent loss of vision in both eyes or 5 per cent. of 500 weeks, or 25 weeks, at the rate of $18 per week.

"It is therefore ordered: That within 15 days from this date the respondent pay to the claimant the sum of $450 in one lump sum, the same being compensation for the permanent partial loss of vision of both eyes in the amount of 5 per cent., or 5 per cent. of 500 weeks, at the rate of $18 per week.

"It is further ordered: That out of said $450 the respondent pay to claimant's attorney, A. H. Meyer, the sum of $90, the same to be paid in one lump sum, and being a fair and reasonable attorney fee herein."

The petitioner has filed a brief in which a large part of the evidence, as contained in the case-made, is set out verbatim, and reference is made in large measure to the remainder. Same way with reference to the brief of the respondent.

Complaint is made of the award as not being supported by sufficient competent evi-

dence, and also because a written notice of the injury was not served within 30 days after it occurred, and suggestion is made that the Industrial Commission did not find lack of prejudice by reason of the failure to serve. An examination of the evidence is convincing that the claimant before the Commission was in the employ of the present petitioner, and engaged in a hazardous occupation, his duty at the time being to handle an emery wheel that was used in smoothing steel bodies of automobiles. There is some discrepancy as to details and as to dates, but not much more than ordinarily would occur, as men do not remember dates very well as a general thing. However, it is clear that something happened to the claimant while he was engaged in labor, and something got wrong with his eye.

The petitioner evidently maintained a doctor for the purpose of administering first aid to employees. It was claimed on oath by the employee that shortly after he got the emery dust or steel, whichever it might be, into his eye, he went to the doctor in charge of the first aid, employed by the petitioner, and reported the matter and was treated by him. That does not seem to be controverted. In fact, it is admitted, according to the testimony of the doctor that was employed by the petitioner for that purpose. In addition to this, the claimant stated that his immediate foreman was not there, and therefore he went to this doctor. This doctor sent him to another doctor, according to statements contained in this evidence, and the bill of that doctor was paid by the petitioner, and this last doctor treated the party for some time, and finally discharged him sometime in September, the accident having occurred, according to the claimant, about the last days of July. It appears from the evidence that the doctor, who was regularly employed, had a right to direct an injured employee to report to specialists, and that this was done in this case within just a few days after the accident.

The point was raised below that claimant was about a day late in giving the notice, and when the point was made it was overruled by the Commission, followed by the award that is here complained of. Testimony of experts was introduced, and it is clear therefrom that from some cause the cornea of both eyes of the claimant had been blurred, and that he had lost power of vision. The circumstances of losing that, however, were somewhat questioned, but the Commission below saw the doctors, saw the laymen who testified about the condition of the eyes, heard their testimony, also the testimony of the claimant himself as to his previous condition, and on the whole case made the award.

As this case depends on the facts practically, and numerous decisions of this court in industrial cases hold that the statute making the findings of fact of the Commission conclusive on review, and it appearing that there was competent evidence to sustain the award, the award as made by the Industrial Commission is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., absent.

Note.—See under (1) annotation in 8 A. L. R. 1324; 24 A. L. R. 1466; 73 A. L. R. 706.