**GARRETT et al. v. DOWNING et al.**

No. 28652.   May 9, 1939.

Charles P. Gotwals, John T. Gibson, Wm. A. Killey, and James D. Gibson, for plaintiffs in error.

E. F. Maley, for defendants in error.

RILEY, J. R. E. Downing and R. E. Downing, Incorporated, filed an action in the lower court against Claude W. Garrett and W. J. B. Goodman, plaintiffs in error, to establish and foreclose a mechanic's lien on an oil and gas lease.

From a judgment on the verdict and an order overruling a motion for a new trial, the latter appeal. The parties will be referred to as they appeared below.

About May 1, 1935, defendants completed a small oil well on a tract adjoining one on · which R. E. Downing, Inc., pumped three producing wells. Defendants lacked pumping equipment, and on May 20th their pump was connected to the power on the adjoining tract belonging to R. E. Downing, Inc. The latter continued to pump the well until December 1, 1935. On March 14, 1936, R. E. Downing filed a lien upon the premises in the office of the county clerk in the sum of $316.67.

On October 19, 1936, R. E. Downing commenced a suit against defendants for judgment in the above amount and for foreclosure of the lien. During the trial of said cause on May 13, 1937, the plaintiff dismissed said suit without prejudice, and on May 14, 1937, filed the present action, wherein R. E. Downing, Inc., appeared as a plaintiff in addition to R. E. Downing. The case was tried November 4, 1937.

Immediately upon admission of the above-mentioned oil field material and mechanic's lien, the court permitted plaintiff to amend the same by inserting the name of R. E. Downing, Inc., as one of the lien claimants, by inserting the name of W. J. B. Goodman as one of the owners of the property claimed to be subject to the lien, and by correcting the description of the property involved.

The verification of the lien was by R. E. Downing; R. E. Downing, Inc., was not mentioned therein.

The verdict of the jury was "jointly" in favor of the plaintiffs; the motion for new trial by the two defendants was joint; and the assignments in error are jointly directed by the defendants against the judgment in favor of both R. E. Downing and R. E. Downing, Inc. Plaintiffs contend that under this state of the record and the decisions of this court, the judgment being sufficient as to R. E. Downing, it is good as to R. E. Downing, Inc. In support of this they cite W. T. Rawleigh Co. v. Riggs et al., 123 Okla. 42, 252 P. 428, holding that where a joint motion for new trial and a joint assignment of error are relied upon, they must be good as to both defendants or they are good as to none.

In the view we take of this case it will be unnecessary to decide this contention.

Defendants contend that the amendment whereby R. E. Downing, Inc., was added to the lien statement and permitted to join in foreclosure of the lien was improper.

Section 10976. O. S. 1931, 42 Okla. St. Ann. sec. 142, provides that a lien such as here involved must be filed within four months after material was last furnished or labor last performed. The original lien statement by R. E. Downing was filed March 12, 1936, within the four-months period. The attempt to add R. E. Downing, Inc., was made at the second trial, November 24, 1937, over 20 months later.

Section 11017, O. S. 1931, 42 Okla. St. Ann. sec. 172, provides:

"Any lien provided for by this chapter may be enforced by civil action in the district court * * * and in case of action brought, any lien statement may be amended by leave of court in furtherance of justice as pleadings may be in any matter, except as to the amount claimed."

Section 251, O. S. 1931, 12 Okla. St. Ann. sec. 317, provides:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party."

Thus, if in any similar matter a court would be justified in adding the name R. E. Downing, Inc., under the circumstances reflected by this record, then the lien statement was properly amended.

We must keep in mind that R. E. Downing and R. E. Downing, Inc., are two separate and distinct entities even though the latter constitutes what is commonly known as a family corporation, and R. E. Downing owned a majority of the stock.

In Garmany v. Lawton, 124 Ga. 876, 53 S. E. 669, 110 Am. St. Rep. 207, it is said:

"A corporation is a legal entity, distinguished from any or all of its stockholders. That one person may own a majority or all of the stock of the corporation does not es-

tablish an identity between him and it, so as to make acts by him in his individual name its acts and binding on it."

The general rule is that a shareholder cannot maintain a suit to redress wrongs done to the corporation. Ordinarily the remedies must be sought by corporate action. Gaines v. Gaines Bros. Co., 176 Okla. 583, 56 P.2d 863.

The instant case does not come within the exceptions to the rule noted in the above case. See, also, 13 Am. Jur. 159; Burrough of Ambridge v. Philadelphia Co. (Pa.) 129 Atl. 67, 39 A. L. R. 1064.

R. E. Downing in the first case testified he performed the work and filed the lien as an individual; because of such testimony that case was dismissed and the following day the instant case was filed with R. E. Downing, Inc., an additional party plaintiff. Downing testified all the property, lease holdings, power equipment, etc., belonged to the corporation, and that a $25 check given by defendant for services in pulling the well, though made to R. E. Downing, was deposited in the corporate account.

He further testified that any recovery in the action was for the exclusive benefit of the corporation, and again stated that at the time of certain conversations concerning the transactions he was acting individually.

Plaintiffs in their briefs do not contend that R. E. Downing was acting for and on behalf of R. E. Downing, Inc., at the time he filed said lien statement, or at any other time. On the contrary, he testified he did not so act. The case was tried below in a manner consistent therewith, and on this appeal it is insisted there is a joint recovery on behalf of R. E. Downing and R. E. Downing, Inc.

This action, being one to enforce a lien, is equitable in nature, and on appeal this court may review the entire record, and weigh the evidence. After so doing, we find and hold that R. E. Downing personally had no right or claim in the recovery. He is not a proper party to the action, and the judgment in his behalf is against the clear weight of the evidence.

Section 11017, O. S. 1931, 42 Okla. St. Ann. sec. 172, provides that the action to enforce a lien such as here involved must be brought within one year after the lien statement has been filed.

Section 106, O. S. 1931, 12 Okla. St. Ann. sec. 100, provides:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives may commence a new action within one year after the reversal or failure."

Plaintiffs contend the section last cited permits the amendment of the original action by adding R. E. Downing, Inc., as party plaintiff, even though the second suit was filed May 14, 1937, more than one year subsequent to the filing of the lien March 14, 1936.

Under section 106, supra, it has been held that a suit by one partner as an individual does not toll the statute of limitations on behalf of the partnership. Midland Oil Co. v. Moore et al. (C. C. A. 8, 2 F.2d 34). The general rule is stated in 37 C. J. 1092, as follows:

"In order to save the second action from the bar of the statute, the cause of action must be the same, and plaintiff must be the same in both actions."

Since an individual shareholder cannot maintain a suit in his own name to redress wrongs done to the corporation, it cannot logically be said that a suit instituted by the shareholder acting as an individual and not on behalf of the corporation can toll the statutory time requirements for filing a lien and commencing an action for enforcement thereof by the corporation.

Under the facts of this case the act of filing the lien statement by R. E. Downing individually and the action filed by him to foreclose the same did not inure to the benefit of R. E. Downing, Inc. The latter did not file a lien statement as required by section 10976, supra, and did not commence an action as required by section 11017, supra. The judgment establishing such a lien and foreclosing the same is erroneous and must be reversed. Likewise that portion of the judgment providing for an attorney fee in accordance with the lien statute is erroneous.

The record discloses, however, that R. E. Downing, Inc., timely commenced and properly alleged in its petition as a first cause of action that certain services had been rendered; that defendants accepted the same and were liable for the reasonable value thereof. The jury returned a verdict setting the value of such services at $190. The evidence amply sustains this verdict,

and that portion of the judgment based thereon is affirmed.

The case is remanded to the trial court, with orders to render judgment in favor of R. E. Downing, Inc., for $190 and costs.

OSBORN, CORN, HURST, and GIBSON, JJ., concur. WELCH, V. C. J., concurs in conclusion. BAYLESS, C. J., and DAVISON and DANNER, JJ., absent.