ROBERTSON v. STATE ex rel. PINSON.

No. 32245. Aug. 4, 1945.

*163 P. 2d 975.*

Hall & Cotton, of·Oklahoma City, and E. G. Avery, of Wagoner, for plaintiff in error.

Fred W. Martin and Chas. G. Watts, both of Wagoner, for defendant in error.

PER CURIAM. On the 16th day of March, 1945, the relator, J. C. Pinson, filed his petition against E. A. Robertson seeking to try title to the office of county judge of Wagoner county. Thereafter what is denominated a special demurrer and plea to jurisdiction of the court was filed and the court overruled the same. Defendant gave notice of intention to appeal and presents the record by transcript.

A motion to dismiss has been filed on the ground, first, that the order of the district court of Wagoner county overruling the demurrer of the defendant is not a final order and is not properly presented by the appeal; second, that the appeal is by transcript with no bill of exceptions, and therefore presents nothing for the review of the court.

In our opinion the consideration of the first question will determine the issues presented ‹on the motion to dismiss. Plaintiff asserts that under the provisions of 12 O. S. 1941 § 952, it is only after a final order has been entered that such ¡an order may be brought to this court for review. Oklahoma City Land & Development Co. v. Patterson, 73 Okla. 234, 175 P. 934; Hopper v. Steward, 137 Okla. 228, 279 P. 354; McGrath v. Rorem, 123 Okla. 163, 252 P. 418; Oklahoma City-Ada-Atoka Ry. Co. v. Parks, 182 Okla. 598, 78 P. 2d 791.

Defendant admits the effect of these decisions, but asserts that under the provisions of 12 O. S. 1941 § 267 a special demurrer attacking the jurisdiction of the trial court does not come within the rule of the. above cases. With this contention we are unable to agree. The purport of the above statute is to permit but one demurrer, based, however, on specific grounds, one of which is the lack of legal capacity of the party bringing the proceeding.

Under the above holdings of this court, until a final order has been entered in the trial court, disposing of the proceeding, no appeal lies from the order overruling the demurrer to the ·petition.

Appeal dismissed.

GBSON, C.J., HURST, V.C.J., and RILEY, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.