PINSON v. ROBERTSON.

No. 32352. Sept. 10, 1946.

172 P. 2d 625.

Fred W. Martin and Chas. G. Watts, both of Wagoner, for plaintiff in error.

Hall & Cotton, of Oklahoma City, and E. G. Avery, of Wagoner, for defendant in error.

HURST, V. C. J. Plaintiff, J. C. Pinson, commenced this action on March 16, 1945, against the defendant. A. E. Robertson, to try title to the office of county judge of Wagoner county.

The question of title to said office has been before us twice before. See Robertson v. Brewer, 195 Okla. 222, 156 P. 2d 804; Robertson v. State ex rel. Pinson, 195 Okla. 641, 163 P. 2d 975. After the remand in the last-cited case, the trial court sustained Robertson's motion for judgment on the pleadings and entered judgment for Robertson, and from that judgment Pinson appeals. The issue presented by the pleadings is whether Robertson is eligible to hold the office by reason of nonregistration and nonresidence in Wagoner county.

While the parties argue several questions, we think the question as to whether this action was timely commenced is decisive.

By 12 O. S. 1941 § 1531 an action to try title to public office is created and it is provided that the "action may be instituted and maintained by the contestant for such office at any time after the issuance of the certificate of election by the state, county, township or city election boards, and before the expiration of 30 days after such official is inducted into office."

Pinson argues (1) that Robertson was not inducted into the office until one day before this action was filed, and (2) that in any event, since the injunction suit involved in Robertson v. Brewer, above, was commenced within the 30 days authorized for filing such contests, and was decided otherwise than on its merits, and since the present action was commenced within one year after the injunction action terminated, the present action was timely filed under 12 O. S. 1941 § 100. That section provides:

"If any action be commenced within due time, and a judgment thereon for

the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

1. Was Robertson "inducted into the office on January 8, 1945, within the meaning of 12 O.S. 1941 § 1531, above quoted? We think so.

In Robertson v. Brewer, above, we determined from the record before us that subsequent to the election held on November 7, 1944, Robertson was duly issued a certificate of election, and that on January 2, 1945, Robertson duly qualified for the office by filing in the office of the county clerk his oath of office and his official bond duly approved by the board of county commissioners, and that on January 8, 1945, Pinson's term of office ended and Robertson's term began. By filing his oath of office and official bond (20 O.S. 1941 § 279; 50 O.S. 1941 § 2), Robertson was "inducted" into the office and duly qualified, and the issuance of the injunction did not operate to prevent his induction. 51 O.S. 1941 § 5. The allegation in Pinson's petition in the present case that Robertson was not "inducted" into the office until the termination of the injunction suit one day before the present action was filed being contrary to our finding in the former appeal, of which the district court and this court take judicial notice (Wilson-Harris, Adm'rs, v. Southwest Telephone Co., 193 Okla. 194, 141 P. 2d 986), is not available to create an issue of fact on the question of when the induction took place.

2. Is 12 O.S. 1941 § 100 applicable to this type of action, so that the plaintiff had one year after the failure of his injunction suit to commence the instant action? We think not. Although the general rule is to the contrary (34 Am. Jur. 226, § 280), we have held that the provisions of section 100 apply not only to common law actions but also to actions created by statutes which prescribe the time within which the actions thereby created must be commenced. Amsden v. Johnson, 74 Okla. 295, 158 P. 1148; Newman v. Kirk, 161 Okla. 147, 23 P. 2d 163. The basis of these decisions is that the statute is remedial and should be liberally construed to afford litigants a hearing upon the merits of their actions. Haught v. Continental Oil Co., 192 Okla. 345, 136 P. 2d 691. But these cases involved private rights, and in none of them were we dealing with actions trying title to public office. Both the common good and justice to the claimants require that election contests be settled speedily. The person who is successful in such contest is entitled to the emoluments of the office. 51 O.S. 1941 § 5. An officer, litigating the title to his office, and uncertain as to whether he will receive compensation for his services, cannot ordinarily be expected to give his best service and the public suffers thereby. Furthermore, while in ordinary actions delay is not fatal to the enforcement of ultimate rights, such is not the case in contests for public office, where the remainder of the term shortens during the pendency of the action. Consequently, because the public good demands it, and in order that the rightful claimant may enjoy as nearly as practicable the full term for which he was elected, statutes have been enacted in many states requiring that persons desiring to contest elections do so within a certain period of time. It is generally held that such provisions are mandatory and may not be waived and that the courts are without jurisdiction to hear contests not filed within the time prescribed. 9 R. C. L. 1169; 18 Am. Jur. 368, § 290; 20 C. J. 220; 29 C. J. S. 370.

Thus the requirement as to the time of filing the action if, in effect, held to be a limitation upon the right itself and not merely a limitation upon the remedy. We think the Legislature so intended in enacting 12 O. S. 1941 § 1531. It was aware of the evils resulting from delay, and may be presumed to

have been aware of the construction uniformly given similar statutes by other courts. Sutherland Statutory Construction (3rd Ed.) § 4510. We cannot think that it intended that claimants mistaking their remedy should be allowed one year, or a period constituting over one-half the term in case of county office, in which to commence the proper action.

It follows that the trial court correctly held that 12 O.S. 1941 § 100 was inapplicable to this proceeding, and that the pleadings disclosed that the action was not timely commenced.

In view of our conclusion it is not necessary to discuss the other errors assigned.

Affirmed.

GIBSON, C.J., and OSBORN, WELCH, and DAVISON, JJ., concur. CORN, J., concurs in result. RILEY and BAYLESS, JJ., dissent.

———

RILEY, J. (dissenting). "The issue presented", says the majority opinion, "is whether Robertson is eligible to hold the office (county judge of Wagoner county) by reason of nonregistration and nonresidence in Wagoner county".

But the issue presented is not decided. That which is decided is in error. It is that the action, in the nature quo warranto, was not commenced in time.

The action was commenced one day after plaintiff in error, Pinson, by judgment of court, was ousted from the office and Robertson was *"inducted into office"*. It is quite obvious that these proceedings could not have been expedited with more dispatch. Moreover, 12 O.S. 1941 § 1531, relied upon by the majority, contemplates that *an action to try title to public office "may be instituted and maintained . . . at any time after the issuance of the certificate of election . . . and before the expiration of thirty days after such official is in-*

*ducted into office"*. Robertson was not inducted into office when he qualified by taking the oath of office because Pinson held the office, contending Robertson did not possess qualifications for it as required by law. An injunction action involving possession of the office was adjudged abortive. Robertson v. Brewer, Judge, 195 Okla. 222, 156 P. 2d 804; Robertson v. State ex rel. Pinson, 195 Okla. 641, 163 P. 2d 975. Whereupon, Robertson, by judgment, was inducted into the office. The next day Pinson commenced these proceedings which are wrongfully foreclosed by the statute of limitations. 12 O.S. 1941 § 1531, supra. How could Pinson contend for the office so long as he held possession of it? A fortiori, so long as that possession was vested in him under a writ of injunction which by this court's judgment was vacated.

"Inducted," as used in the phrase "inducted into office," connotes, by common law, "corporeal possession," and is compared in common law to livery and seisin, by which possession is given to temporal estates. Godwin v. Lunan (Va.) Jeff. 96, 100; 21 Words & Phrases, Perm. Ed., p. 224.

"Inducted into . . . office" means to put in enjoyment or possession, "especially to introduce into possession of an office or benefice," as "to place in a seat". State ex rel. Slattery v. Raupp, 303 Mo. 684, 263 S.W. 834; 21 Words & Phrases, Perm. Ed., p. 224.

The tolling statute of limitations, 12 O.S. 1941 § 100, has no application whatever to this action. When a litigant fails otherwise than on the merits, by the statute he is given an additional year of grace to commence a proper action. Never before, in this jurisdiction, has the saving grace of the statute been denied a litigant. To the contrary, a liberal construction of the statute is the heretofore unbroken rule. Tulsa Rig & Reel Mfg. Co. v. Arnold, 94 Okla. 120, 221 P. 19; Claussen v. Amberg, 172 Okla. 197, 44 P. 2d 92.

Pinson's term of office was not ended

on January 8, 1945, unless Robertson was qualified to be his successor, because, by law, the term of every public official in Oklahoma extends for a definite period of time and until his successor is elected and qualified. Whether Robertson is qualified is the issue now squarely presented and it ought to be determined, not upon the statute of limitations or the tolling statute of limitations, but upon the fact as measured by the law whether Robertson met the constitutional requirements for the office of county judge by being *"A qualified voter and a resident of the county at the time of election"*. It is admitted he is *"a lawyer licensed to practice in any court of record of the state"*. Section 11, art. 7, Const. Whether Mr. Robertson is a qualified voter is dependent upon whether he was registered as such, and a resident of Wagoner county at the time of his election to the office. If he was, he is entitled to hold the office he now possesses. If he was not, Judge Pinson is entitled to the immediate possession of the office which, by this action, he seeks, and to maintain possession of it until his successor is elected and qualified.

51 O. S. 1941 § 5, relied upon, is no authority for the majority statement that "the issuance of the injunction did not operate to prevent his (Robertson's) induction", nor was that issue of Robertson's induction into the office by administration of the oath of office to him decided by "our finding in the former appeal". That which was decided was that injunction was not the proper remedy to try title to public office and that Robertson, having been issued a certificate of election and having subscribed to the oath of office, was prima facie entitled to possession and to be inducted into the office. As soon as he was inducted into the office, by our judgment, and Pinson was ousted from it, Pinson had right, by this action, in its nature quo warranto, to try out Robertson's qualifications and consequent title to the office. Indubitably, Judge Pinson has right to have that exact issue by this court determined on the merits.

There is no difference in American jurisprudence between private rights and actions maintainable to try title to public office. While the law abhors a vacancy in public office, in the case at bar no vacancy in office can exist. The judgment of the law should be deeply concerned with qualifications for public office. The majority opinion wholly fails to determine that paramount issue. No loss in salary to the party rightfully entitled to the office would result from a proper judgment. 51 O.S. 1941 § 5.

Equitable considerations mentioned in majority opinion are beside the issue of law. The delay that has occurred has been occasioned by the fact that judgment of the law treads with leadened heels. That, of itself, is bad, but the fact that the highest court in the land labors in error is horrendous.