1997 OK 93

**EMPLOYERS MUTUAL CASUALTY COMPANY, as Subrogee of Jannette Embry, Appellant,**

v.

**James MOSBY, Dennis Childers, and Country Mutual Insurance Co., d/b/a County Companies Insurance Group, Appellees.**

No. 85967.

Supreme Court of Oklahoma.

July 8, 1997.

Galen L. Brittingham, Nelson J. Christiansen, Atkinson, Haskins, Nellis, Boudreaux, Phipps & Brittingham, Tulsa, for Appellant, Employers Mutual Casualty Company.

L. Richard Howard, Thomas E. Baker, Daniel, Baker & Howard, Tulsa, for Appellee, James Mosby.

HARGRAVE, Justice.

### SUMMARY OF FACTS AND PROCEDURAL HISTORY

¶1 On May 16, 1992 Jannette Embry (insured) was involved in an automobile collision with James Mosby (tortfeasor) who was driving a car owned by Dennis Childers (owner). The insured notified both the owner's liability carrier, Country Companies Insurance Group, and the insured's UM carrier, Employers Mutual Casualty Company (insurer). The latter paid the insured $12,000.00 on November 5, 1993 in settlement of her claim for uninsured motorist coverage.

¶2 On February 8, 1994 the liability carrier, Country Companies, offered to settle the subrogation claim for the owner's policy limit of $10,000.00. The insurer "accepted" the offer six months later on August 22, 1994, at which time the liability carrier refused to

pay because it claimed the two-year statute of limitations had run on the underlying tort claim.

¶3 The insurer then brought this action for breach of contract based on the February offer and the August acceptance. The insurer also alleged that the limitations period did not begin to run until November 5, 1993, the day that it paid the insured and acquired its subrogation rights. An estoppel theory was also alleged.

¶4 The tortfeasor, owner, and liability carrier moved for dismissal, arguing that the claim was time-barred. The trial court dismissed the action, and the insurer sought reconsideration. The trial court sustained the motion to reconsider. The liability carrier asserted that the insurer's August 22, 1994, acceptance letter was actually a counter-offer because it contained terms and conditions not made in the original offer, and hence no contract was formed, and no breach of contract. The trial court again dismissed the action finding the claim to be time-barred. The insurer appealed.

¶5 Insurer, Employers Mutual, argued before the Court of Civil Appeals that the three year statute of limitations for breach of oral contract was applicable and thus, the trial court was in error to dismiss their subrogation action. The Court of Civil Appeals affirmed, holding that "the underlying cause of action. . . . determines the applicable statute of limitations."[1] The court further held that:

1. Citing: *Chandler v. Denton,* 741 P.2d 855 (Okla.1987).

2. The Court of Civil Appeals further stated: We reject the theory that the contract statute of limitations is applicable. In *Uptegraft v. Home Insurance Co.,* 662 P.2d 681 (Okl.1983), the Court held that a five year written statute of limitations applies in an action by an injured person against his or her UM insurer. The *Uptegraft* Court found such an action to be ex contractu, "because it is a promise by the insurer to pay its own insured . . . we are dealing here with an agreement to indemnify the insured for injuries caused by another . . . the recovery of the insured is ultimately based upon the policy without which no liability could be imposed upon the insurer for the tort of another." In contrast, in this case, there is

Here, the event underlying Employers' cause of action is the automobile accident. Action for negligence must be brought within two years from the date the cause of action accrued. 12 O.S.1991 § 95(3). Appellant did not bring an action within that two year limit.[2]

▌ ¶6 The dispute on appeal deals with the appropriate statute of limitations regarding a subrogated UM claim. The Court of Civil Appeals opinion in the present matter is in conflict with holding of the Court of Civil Appeals in the unpublished case *Northland Insurance Companies v. Nance,* (No. 83,084 April 12, 1994). However, the present case is in conformity with the published case of *Farmers Insurance Co. v. Estate of Stark.,* 924 P.2d 798 (Okla.App.1996). [*Certiorari Denied* ] We specifically overrule the Court of Civil Appeals' holding in *Northland.*

¶7 In *Northland* the Court of Civil Appeals held that a three year statute of limitation would apply under a similar fact pattern. The Court of Civil Appeals cited *Uptegraft v. Home Insurance Co.,* 662 P.2d 681 (Okla. 1983), for the proposition that a UM insurer's obligation to pay under the policy is not dependent on the insured's right to sue the tortfeasor.[3] The *Northland* court reasoned that the action was one arising from contract, giving the subrogee a three-year period in which to sue, based on a non-written agreement. The *Northland* court concluded that a subrogated action may be brought, by the party subrogated, against the alleged tortfeasor within three years as an action on an express or implied contract, not in writing.

no contract between Employers and Insurance Co.

3. The *Northland* court's reliance upon *Uptegraft v. Home Insurance Co.,* 662 P.2d 681 (Okla. 1983), is misplaced. The holding in *Uptegraft* applied only between the uninsured motorist carrier and their insured. The uninsured motorist carrier did not want to pay its coverage to its insured because the statute of limitation had run on the underlying tort. This Court held that a five year statute of limitations was provided for actions on written contracts, and since there was a valid written contract for uninsured motorist insurance, a five year statute of limitation would apply. The failure of the insured to commence an action against the uninsured tortfeasor did not *ipso facto* discharge the insurer from liability.

12 O.S.1991 § 95. However, the court reached this conclusion based on the statement: "The subrogation rights of the uninsured motorist carrier are of the conventional sort: it arises, if at all, from the contractual obligation to the insured." *Northland v. Nance,* (Not for Publication), No. 83,084, at page 4 (Okla.App., April 12, 1994). In *Farmers Insurance Co. v. Estate of Stark.,* 924 P.2d 798 (Okla.App.1996), the Court of Civil Appeals disagreed with the aforementioned statement in *Northland v. Nance.* The *Stark* court opined:

> [T]his analysis overlooks the fact that the purported tortfeasor was not a party to the insurance contract. The rights between the insurer and its insured arise from contract, but any rights against the tortfeasor, whether those of the insured plaintiff or rights gained by the insurer through subrogation, are not based on contract.

924 P.2d at 801.

 ¶ 8 A subrogee does not obtain a longer limitations period based merely on the fact that it did not gain its subrogation rights at the same time that its insured's claim accrued. A subrogee steps into the shoes of the plaintiff "subject to all legal and equitable defenses which the [tortfeasor] may have against the [plaintiff]." *Moore v. White,* 603 P.2d 1119, 1121 (Okla.1979) See also, *Niemeyer v. U.S. Fidelity & Guaranty Co.,* 789 P.2d 1318, 1322 (Okla.1990). A subrogee acquires no rights greater than those of the party whose claim it has paid. *United States v. Munsey Trust Co.,* 332 U.S. 234, 242, 108 Ct.Cl. 765, 67 S.Ct. 1599, 1603, 91 L.Ed. 2022 (1947).

¶ 9 A claim obtained through subrogation is simply not subject to the normal rule of accrual of a cause of action. The subrogee steps into the shoes of its claimant and takes the claim subject to defenses based on the date of accrual to the claimant. In-

surer's claim in the present matter is based upon an automobile accident, an action for negligence. Actions for negligence must be brought within two years from the date the cause of action accrued. 12 O.S.1991 § 95(3)[4]. The cause of action upon which this action is based did not begin to run on November 5, 1993, the date insurer settled its claim with Embry, but began to run on May 16, 1992, the date of the accident. It is immaterial whether Employers either "accepted" or "counter offered." Employers' claim was time barred before August 22, 1994.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; ORDER OF THE TRIAL COURT AFFIRMED.**

¶ 10 SUMMERS, V.C.J., and HODGES, LAVENDER, ALMA WILSON and WATT, JJ., concur.

¶ 11 KAUGER, C.J., and SIMMS and OPALA, JJ., concur in part and dissent in part.

---

4. This statute reads:
   Civil actions other than for recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

   \*    \*    \*    \*    \*    \*

   Third: within two (2) years: an action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud-the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud.