2007 OK CIV APP 102

**Cecil RIDING IN, Plaintiff/Appellant,**

v.

**Keith CHEATHAM, Defendant/Appellee.**

**No. 104,425.**

Court of Civil Appeals of Oklahoma, Division No. 1.

June 28, 2007.

Rehearing Denied July 26, 2007.

Certiorari Dismissed Oct. 8, 2007.

---

Sherrin Watkins, Stillwater, OK, for Plaintiff/Appellant.

Andrew W. Lester, Jami J. Fenner, Lester, Loving & Davies, P.C., Edmond, OK, for Defendant/Appellee.

KENNETH L. BUETTNER, Judge.

¶1 Plaintiff/Appellant Cecil Riding In (Riding In) filed an action contesting Defendant/Appellee Keith Cheatham's (Cheatham) title to public office, *viz.*, Ward 3 Pawnee City Council seat. Cheatham filed a Motion to Dismiss on the ground that 12 O.S.2001 § 1531 requires such actions be instituted before the expiration of 30 days after the alleged usurping official is inducted into office. Riding In countered that his intervening unsuccessful attempt at extraordinary relief in the Oklahoma Supreme Court, which was filed within 30 days, was timely and invoked the savings clause of 12 O.S.2001 § 100. The trial court granted the Motion to Dismiss. We affirm.

¶2 The two grounds stated in Cheatham's Motion to Dismiss were the affirmative defenses of lack of subject matter jurisdiction and failure to state a claim. "The standard of review for an order dismissing a case for failure to state a claim upon which relief can be granted is *de novo* and involves consideration of whether a plaintiff's petition is legally sufficient." *Fanning v. Brown*, 2004 OK 7, ¶4, 85 P.3d 841, 844. The burden is on the moving party to show the legal insufficiency of the petition. *Id.* "The purpose of a motion to dismiss is to test the law that governs the claims, not the underlying facts." *Garst v. University of Oklahoma*, 2001 OK CIV APP 144, ¶3, 38 P.3d 927, 929.

¶3 Riding In received a hand-delivered letter from the Pawnee City Attorney dated

April 28, 2006 informing him that pursuant to 11 O.S. Supp.2006 § 8–114 "... you shall cease to hold office on Monday, May 1, 2006, at the call to order of the Council meeting." The gist of the violation was Riding In's failure to attend and successfully complete the "Institute for Municipal Officers" within one year of taking his oath of office as required by § 8–114(B).[1] Riding In filed a Petition to Try Title to an Elected Public Office in the Nature of a Writ Quo Warranto December 7, 2006 and a Brief in Support of his Petition the same date. The Brief alleged that Keith Cheatham unlawfully usurped and intruded into Riding In's office September 18, 2006.

¶ 4 Title 12 O.S.2001 § 1531 states, **Quo warranto abolished—Relief obtainable by civil action—Maintenance by contestants for office:**

> The writ of quo warranto, and proceedings by information in the nature of quo warranto, are abolished and the remedies heretofore obtainable in those forms may be had by civil action; provided, that such cause of action may be instituted and maintained by the contestant for such office at any time after the issuance of the certificate of election by the state, county, township or city election boards, *and before the expiration of thirty (30) days after such official is inducted into office;* provided further, that all suits now pending, contesting such elections, shall not be dismissed because of the prematurity as to time of their commencement, which shall be deemed valid and timely, if commenced after the issuance of the election certificate or after twenty (20) days after the result of said election having been declared by such election board; and provided further, that this act shall not apply to primary election. (Emphasis added.)

¶ 5 Riding In recounted the history and procedure of the case in his brief. He informed that Cheatham took his oath of office September 18, 2006 and that Riding In filed his application to the Oklahoma Supreme Court to take original jurisdiction October 16, 2006, that is, within 30 days of September 18, 2006. His application was denied November 27, 2006.

¶ 6 Pursuant to the holding in *Pinson v. Robertson*, 1946 OK 219, 172 P.2d 625, Riding In's failure to file his § 1531 action to try title to public office within 30 days of Cheatham's induction deprived the District Court of jurisdiction to hear the matter. No intervening filings can extend the time period. "The provision of 12 O.S.1941 § 1531 limiting the right of a contestant for public office to file an action before the expiration of thirty days after the candidate, to whom a certificate of election has been issued, is inducted into office is a limitation on the right itself and is not a mere statute of limitations, and 12 O.S.1941 § 100, extending the time to commence actions in certain cases where the time limited by statute of limitations has expired, is not applicable to such an action." *Id.* Syllabus by the Court, ¶ 2. *Pinson* is closely analogous to the present one. Pinson filed against Robertson to try title to the office of county judge of Wagoner County. He had filed an injunction within 30 days of Robertson's induction into office and claimed a § 100 extension of time in which to file his § 1531 action to try title to public office. The *Pinson* Court addressed the reason for the strict application of the 30 day period at ¶ 8, p. 627:

> Both the common good and justice to the claimants require that election contests be settled speedily. The person who is successful in such contest is entitled to the emoluments of the office. 51 O.S.1941 § 5. An officer, litigating the title to his office, and uncertain as to whether he will receive compensation for his services, cannot ordinarily be expected to give his best service and the public suffers thereby. Furthermore, while in ordinary actions delay is not fatal to the enforcement of ultimate rights, such is not the case in contests for public office, where the remainder of the term

---

1. 11 O.S. Supp.2006 § 8–114(B): The Institute shall consist of eight (8) hours of instruction. A certificate of completion shall be awarded to those persons who attend and successfully complete the Institute and a list of those persons shall be filed with the Oklahoma Department of Career and Technology Education.

shortens during the pendency of the action. Consequently, because the public good demands it, and in order that the rightful claimant may enjoy as nearly as practicable the full term for which he was elected, statutes have been enacted in many states requiring that persons desiring to contest elections do so within a certain period of time. It is generally held that such provisions are mandatory and may not be waived and **that the courts are without jurisdiction to hear contests not filed within the time prescribed.** (Emphasis added.)

¶ 7 Cheatham carried his burden of showing that Riding In's petition was legally insufficient. The district court lacked jurisdiction to entertain the matter because it was filed more than 30 days after Cheatham was inducted into office as a Pawnee City Council Member.

¶ 8 Motion to file briefs is DENIED.

¶ 9 AFFIRMED.

HANSEN, P.J., and BELL, J., concur.