2017 OK 95

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY A/S/O Tori Harvey Ukpaka, Plaintiff/Appellant;

v.

Nicholas D. PAYNE, Defendant/Appellee.

Case Number: 115692

Supreme Court of Oklahoma.

Decided: 12/05/2017

Thomas G. Ferguson, Jr., Clay G. Ferguson, and Brian P. Kershaw, Walker, Ferguson & Ferguson, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Greg D. Givens and Sheila R. Benson, Givens Law Firm, Oklahoma City, Oklahoma, for Defendant/Appellee.

Wyrick, J.

¶1 When describing an insurer's subrogation claim, we say that the subrogated insurer "steps into the shoes of the plaintiff." [1] Here, the original plaintiff, Tori Ukpaka, brought a timely lawsuit against the Defendant/Appellee, Nicholas Payne, for injuries arising out of an automobile accident that happened in 2012. Ukpaka then voluntarily dismissed that lawsuit in 2015—after the statute of limitations for such actions had run. No one questions that if Ukpaka wanted to refile her claim, the savings statute at 12 O.S. § 100 would allow her up to one year from the date of the dismissal to do so. [2] The question in this case is whether Ukpaka's subrogated insurer, State Farm, enjoys the same one-year grace period in which to revive Ukpaka's claim. We hold that it does, and thus that when a subrogated insurer "steps into the shoes of the plaintiff," that includes being treated like the plaintiff for purposes of the savings statute.

I.

¶2 The automobile accident giving rise to this case happened on January 23, 2012. On January 3, 2014, just within the applicable two-year statute of limitations, [3] Ukpaka filed a negligence claim against the other driver in the accident, Payne, alleging damages "in excess of $10,000."

¶3 Ukpaka, meanwhile, was going through the claims process with her insurance provider, State Farm. State Farm assessed Ukpaka's damages, and shortly after Ukpaka com-

---

1. *See Emp'rs Mut. Cas. Co. v. Mosby*, 1997 OK 93, ¶ 8, 943 P.2d 593, 595.

2. 12 O.S.2011 § 100 provides:
   If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

3. *See* 12 O.S.2011 § 95(A)(3); *Mosby*, 1997 OK 93, ¶ 9, 943 P.2d at 595.

menced the lawsuit against Payne, State Farm paid Ukpaka a total of $38,500 in insurance benefits pursuant to her policy for uninsured/underinsured motorist coverage. Ukpaka then decided not to pursue her claim against Payne and moved to voluntarily dismiss that lawsuit. The cause was dismissed without prejudice on January 14, 2015—approximately one year after the statute of limitations had run.

¶4 Roughly two months later, on March 20, 2015, State Farm filed this lawsuit raising the same negligence claim as Ukpaka, only this time the named plaintiff was "State Farm Mutual Automobile Insurance Company a[s]/s[ubrogee]/o[f] Tori Harvey Ukpaka," rather than Ukpaka herself. State Farm argued in its petition that this action was timely in light of 12 O.S. § 100. Payne countered in a motion for summary judgment that State Farm cannot avail itself of 12 O.S. § 100 because it was not a plaintiff in the original action, and that its claim is thus time-barred. The district court granted Payne's motion, and the Court of Civil Appeals affirmed. We granted certiorari and now reverse.

## II.

¶5 Title 12, section 100 states:

If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for com-

mencing the action shall have expired before the new action is filed.

To avail itself of this statute, State Farm must demonstrate four things: (1) that the original action was timely, (2) that the action terminated for some reason other than its merits, (3) that State Farm qualifies as one of the parties entitled to revive the action, and (4) that the new action is substantially the same as the original.[4] Ukpaka's original action was timely and its voluntary dismissal was a termination for reasons other than the merits,[5] which leaves only two questions. First, does State Farm qualify as one of the parties entitled to revive the action? And, second, is the action State Farm asserts substantially the same as Ukpaka's? We answer both in the affirmative.

## A.

¶6 Under the plain text, there are two classes of person entitled to the benefit of the savings statute: "the plaintiff" and "his representatives" as survivors of the plaintiff.[6] State Farm does not claim to be a representative survivor of Ukpaka; thus, the only way it can proceed under the savings statute is if it can qualify as "the plaintiff." Payne argues that we should narrowly construe that term and limit it to only those that participated as plaintiffs in the original action. Our cases say otherwise.

¶7 We have consistently held that Oklahoma's savings statute is "remedial" in nature, and thus "should be liberally construed."[7] Accordingly, our test for whether a subsequent plaintiff qualifies as "the plain-

---

4. See C & C Tile Co. v. Indep. Sch. Dist. No. 7 of Tulsa Cty., 1972 OK 137, ¶ 23, 503 P.2d 554, 559 ("The party plaintiff in the new action must be substantially the same, suing in the same right after a failure other than on the merits." (citing Haught v. Cont'l Oil Co., 1943 OK 159, 192 Okla. 345, 136 P.2d 691)); Haught, 1943 OK 159, ¶ 17, 192 Okla. 345, 136 P.2d at 693 ("[I]t is generally held that where a new action is brought after the failure of a prior suit, the second suit must be based substantially upon the same cause of action and the parties in each suit must be substantially the same." (citing 34 Am. Jur. Limitation of Actions § 288, at 232 (1941))).

5. See Ross v. Kelsey Hayes, Inc., 1991 OK 83,0, ¶ 8, 11, 825 P.2d 1273, 1274, 1277, 1279 (hold-

ing that 12 O.S. § 100 applies to cases where dismissal was voluntary and without prejudice).

6. 12 O.S. § 2011 100.

7. C & C Tile Co., 1972 OK 137, ¶ 19, 503 P.2d at 559; accord Cruse v. Bd. of Cty. Comm'rs of Atoka Cty., 1995 OK 143, ¶ 8, 910 P.2d 998, 1001; Ross, 1991 OK 83, ¶ 7, 825 P.2d at 1277; Valley Vista Dev. Corp. v. City of Broken Arrow, 1988 OK 140, ¶ 14, 766 P.2d 344, 349; Wiley Elec., Inc. v. Brantley, 1988 OK 80, ¶ 8, 760 P.2d 182, 184; Pinson v. Robertson, 1946 OK 219, ¶ 8, 197 Okla. 419, 172 P.2d 625, 627; Haught, 1943 OK 159, ¶ 6, 192 Okla. 345, 136 P.2d at 692; Meshek v. Cordes, 1933 OK 345, ¶¶ 0, 17, 20, 164 Okla. 40, 22 P.2d 921, 921, 924-25.

tiff" for purposes of 12 O.S. § 100 focuses not on whether the subsequent plaintiff is identical to the one before, but on whether the two entities are "substantially the same." [8] To determine that, we ask whether the parties are "suing in the same right." [9]

¶8 For example, in *Midland Valley Railroad Co. v. Townes*, we held that a personal representative to a decedent's estate could avail itself of the savings statute to revive a wrongful death claim originally brought by the decedent's widow.[10] We said in that case that "the present action is the same as the former. The change is merely a substitution of parties.... The change is in form rather than in substance." [11]

¶9 Likewise, in *Haught v. Continental Oil Co.*, we held that the savings statute applied to revive a claim for damages to real property where the original plaintiff's wife, a cotenant of the property at issue, was added as a plaintiff in the subsequent action after the first was dismissed for failure to join her as a necessary party.[12] We said there that "[s]ince both actions contemplated recovery in full of all damage sustained to the common property and complete adjudication of the rights of the joint owners thereof, we conclude that the cause of action is the same in both cases, that the parties are substantially the same

and that the present action is one within the intendment of the saving provisions of Section 100." [13]

¶10 But perhaps the most helpful example comes from *Garrett v. Downing*, where we held that the parties lacked the requisite relationship.[14] In that case, an individual shareholder of a corporation brought an action to foreclose on a "mechanic's" lien that had been filed in connection with services the corporation had provided to the defendant.[15] After the relevant statute of limitations had run, the shareholder dismissed that action without prejudice and, on the very next day, filed a subsequent action naming both himself and the corporation as plaintiffs.[16] We ultimately determined that the shareholder was not a proper party to that action; thus, the corporation's right to collect on the lien hinged on whether it was qualified to revive the claim under the savings statute.[17] In holding that it was not qualified, we emphasized the "general rule" that "a shareholder cannot maintain a suit to redress wrongs done to the corporation." [18] And "[s]ince an individual cannot maintain a suit in his own name to redress wrongs done to the corporation," we explained, "it cannot logically be said that a suit instituted by the shareholder ... can toll the statutory time requirements

---

**8.** *Haught*, 1943 OK 159, ¶ 17, 192 Okla. 345, 136 P.2d at 693 ("It is not essential that the plaintiff in both cases should be the same eo nomine, but they must be substantially the same, suing in the same right, as where a second suit is prosecuted by a successor of a trustee or administrator."); *accord C & C Tile Co.*, 1972 OK 137, ¶ 23, 503 P.2d at 559; *see also* 51 Am. Jur. 2d *Limitation of Actions* § 256, at 697-98 (2011) ("A savings statute does not apply if the parties in the new action are not the same as the ones in the prior action.... However, the test is the substantial identity of essential parties.... [A] change of parties does not preclude an application of the statute if the change is merely nominal or the interest represented in the renewed action is identical with that in the original action."); C.P. Jhong, Annotation, *Applicability, as Affected by Change in Parties, of Statute Permitting Commencement of New Action Within Specified Time After Failure of Prior Action Not on Merits*, 13 A.L.R.3d 848, § 4 (1967 & Supp. 2014) (stating "a number of courts have held or recognized that a change of the parties does not preclude an application of [a savings] statute where the change is nominal or the interest represented in the renewed action is identical with that in the original action," and collecting cases from Arkansas, Georgia, Iowa,

Kansas, Louisiana, New York, North Carolina, Ohio, Oklahoma, Tennessee, Vermont, Virginia, and West Virginia).

**9.** *Haught*, 1943 OK 159, ¶ 17, 192 Okla. 345, 136 P.2d at 693.

**10.** 1936 OK 749, ¶¶ 0, 26, 179 Okla. 136, 64 P.2d 712, 713, 718.

**11.** *Id.* ¶ 26, 64 P.2d at 718.

**12.** 1943 OK 159, ¶¶ 18-19, 192 Okla. 345, 136 P.2d at 693-94.

**13.** *Id.* ¶ 19, 136 P.2d at 693-94.

**14.** 1939 OK 237, 185 Okla. 77, 90 P.2d 636.

**15.** *Id.* ¶¶ 3-4, 90 P.2d at 637.

**16.** *Id.* ¶ 4, 90 P.2d at 637.

**17.** *See id.* ¶¶ 21-24, 90 P.2d at 638.

**18.** *Id.* ¶ 16, 90 P.2d at 638.

for filing a lien and commencing an action for enforcement thereof by the corporation."[19] The fact that the parties did not and could not represent the same interests was dispositive.

¶11 The "general rule" in subrogation, however, is just the opposite. When an insurer establishes a claim as subrogee, we say that the subrogated insurer "steps into the shoes of the plaintiff."[20] The insurer "takes the claim" of the plaintiff/insured "subject to all legal and equitable defenses which the tortfeasor may have against the plaintiff" and "acquires no rights greater than those of the [plaintiff]."[21] The subrogated insurer brings the same cause of action as the plaintiff/insured,[22] to recover damages arising from the same injuries as the plaintiff/insured.[23] In short, the subrogated insurer maintains a suit in its own name to redress wrongs done to its insured; and for that reason, we hold that a subrogated insurer is "substantially the same, suing in the same right" as its plaintiff/insured for purposes of 12 O.S. § 100.[24]

¶12 This conclusion is also consistent with our treatment of subrogees for purposes of statutes of limitations generally. In *Employers Mutual Casualty Co. v. Mosby*, we held that even though a subrogated insurer doesn't gain its right to sue until the date it pays on the loss, it nevertheless shares the same accrual date as the insured for purposes of the statute of limitations.[25] Thus, in a case like this, where State Farm did not establish its right to sue until 2014, the statute of limitations still began to run against it from the date of the accident in 2012. If subrogated insurers should be bound to the same temporal fate as their insureds under the statute of limitations, they should also benefit from the same graces under the savings statute.[26]

### B.

¶13 Having found that State Farm is the same as "the plaintiff" under 12 O.S. § 100, we turn our attention to whether the claim it seeks to revive is the same as that in the original action. Where the parties are nominally different, the analysis on this question should significantly overlap with the analysis for whether the parties are substantially the same. This is so because whether a subsequent plaintiff is "suing in the same right" as the former also informs whether they are raising the same claim. In terms of this case, if State Farm is truly suing as a subrogee of Ukpaka (i.e., suing in the same right as Ukpaka), then the claim it raises should be the same. The petition confirms that it is.

¶14 State Farm's petition names the same defendant, Nicholas Payne. It alleges the same January 23, 2012, accident as the factual basis for the action. It again cites Payne's negligence as the legal basis for the action. Finally, it asks for redress of the same property and bodily-injury damages incurred by its insured, Tori Ukpaka. As we said in *Midland Valley Railroad Co.*: "[T]he same facts prove or disprove all of the issues ..., the

19. *Id.* ¶ 26, 90 P.2d at 638.

20. *See Mosby*, 1997 OK 93, ¶ 8, 943 P.2d at 595.

21. *Id.* ¶¶ 8-9, 943 P.2d at 595.

22. *See Aetna Cas. & Sur. Co. v. Assocs. Transps., Inc.*, 1973 OK 62, ¶ 36, 512 P.2d 137, 142 ("Only one cause of action accrued to plaintiff as a result of property damages and personal injuries resulting from the accident, and therefore, plaintiff had no right to maintain an independent action asserting its subrogation rights against Associates prior to the time assured executed the release." (citations omitted)); *see also Mosby*, 1997 OK 93, ¶ 9, 943 P.2d at 595 (acknowledging that subrogated insurer's cause of action, where damage to insured arose from automobile accident, is a cause in negligence despite the fact that tortfeasor's negligent conduct was directed at insured rather than insurer).

23. *See Lowder v. Okla. Farm Bureau Mut. Ins. Co.*, 1967 OK 245, ¶¶ 18-20, 436 P.2d 654, 658 (recognizing that the insured and his subrogated insurer were seeking to recover damages arising from the same cause of action, and thus holding that they may not split their claims into separate actions).

24. *C & C Tile Co.*, 1972 OK 137, ¶ 23, 503 P.2d at 559.

25. 1997 OK 93, ¶ 9, 943 P.2d at 595.

26. *Cf. Henry v. Clay*, 1954 OK 170, ¶ 11, 274 P.2d 545, 548 ("It is a poor rule that does not work both ways.").

same defenses exist, the merits of the action are in all substantial respects the same." [27] If Payne was sufficiently on notice of the need to defend this action when it was first brought and the purpose behind the statute of limitations was satisfied in the event Ukpaka refiled, Payne suffers no prejudice in the event State Farm does the same.[28]

\* \* \*

¶15 In light of the relationship created through subrogation, we hold that a subrogated insurer is "substantially the same" as its insured for purposes of the savings statute at 12 O.S. § 100, and is thus permitted the same one-year grace period in which to revive a claim originally brought by its insured. Accordingly, we conclude that State Farm's action against Payne, filed within one year after its insured voluntarily dismissed the same, is timely. The judgment of the trial court is reversed, and the case is remanded with instructions to proceed in a manner consistent with this opinion.

Gurich, V.C.J., Kauger, Winchester, Edmondson, Reif, and Wyrick, JJ., concur.

Watt and Colbert, JJ., dissent.

Combs, C.J., disqualified.

---

27.  1936 OK 749, ¶26, 179 Okla. 136, 64 P.2d at 718.

28.  *See C & C Tile Co.,* 1972 OK 137, ¶20, 503 P.2d at 559 ("The theory of the limitation statutes is that a defendant be given notice within a certain period that he will be called upon to defend a certain action, and that he be given sufficient notice to adequately prepare. If this is done within the statutory period, the bringing of a subsequent action in the name of the correct party plaintiff which does not substantially change the claim or allege a new cause of action does not harm defendant.").